## MUMFORD *vs.* HAWKINS, president of the Exchange Bank of Genesee.

Where an officer of a court has had his fees taxed, on regular notice to the party chargeable with them, such party cannot on the trial of an action brought to recover such fees contest the items of the taxed bill. *Per* BEARDSLEY, C. J.

But a bill of such fees taxed *ex parte* without notice, is not competent evidence for the plaintiff in such action.

In a suit against a bank for fees earned in the course of a legal proceeding carried on in behalf of the bank, at the instance of the president of the bank, it is not indispensable for the plaintiff to show that the proceeding was authorized by the board of directors.    Evidence that it was instituted or recognized by the officers having the financial management of the bank is sufficient to charge the defendant.

In such a suit it is incompetent for the defendant to show that the board of directors disapproved of the proceeding after the services were performed.

Interest on a bill of official fees is not recoverable unless there has been a regular taxation.

ASSUMPSIT, tried at the Schenectady circuit, in October, 1844, before PARKER, Cir. J.

The plaintiff sought to recover the amount of a bill of fees for services rendered by him as a master in chancery, in a proceeding instituted by the Exchange Bank of Genesee, in the court of chancery, against the Clinton Bank.

It was proved by the plaintiff that on the 20th of September, 1840, S. Benedict, jun. the then president of the Exchange Bank of Genesee, presented a petition to the chancellor *as* such president, setting forth that the Exchange Bank was a creditor of the Clinton Bank for a sum of money claimed to be a specia. deposit, and representing that the last named bank was in in

solvent *circumstances*, praying for an examination of its affairs and for an injunction and a receiver, &c. An order was thereupon made by the court of chancery, entitled " In the matter of the Clinton Bank, upon the petition of S. Benedict, jr. president of the Exchange Bank of Genesee," by which it was referred to the plaintiff, a master in chancery for the city of N. York, to make an examination of the affairs of the Clinton Bank, to take testimony, &c. and report to the court. The plaintiff proved that he was engaged between one and two months, in the autumn of 1840, in the business of the reference. Benedict was proved to have been president and one of the finance committee of the board of directors of the Exchange Bank at that time, and he attended the examination before the master nearly through the whole examination. In the course of the trial, a letter was given in evidence written by B. Follett, the then cashier and principal financial officer of the Exchange Bank, to L. C. Saxton, the solicitor for the petitioner in the proceedings before mentioned, respecting the claim of the Exchange Bank against the Clinton Bank, urging him to collect or secure the debt.

The plaintiff produced a bill of his fees, as master, in the business referred to, which purported to have been taxed by W. T. McCoun, vice chancellor of the first circuit, " as between him [the plaintiff,] and the person or parties employing him, including what he may be considered entitled to as extra compensation for his services, at $500,73," and offered to prove the signature of the taxing officer, and to give the same in evidence. The defendant's counsel objected unless notice of taxation were first proved. The objection was overruled, and the bill of fees was given in evidence.

The plaintiff rested, and the defendant moved for a nonsuit, on the grounds, 1. That the defendant was not a party to the proceeding in chancery, it being, as alleged, a proceeding on the part of Benedict individually. 2. But if the proceeding was, in form, taken on behalf of the Exchange Bank, that Benedict was not shown to have been authorized by the bank to prosecute such a proceeding. The motion was denied.

Mumford *v.* Hawkins.

On the part of the defendant, some payments were shown to have been made, and the defendant's counsel then offered to prove that in 1841, the board of directors of the. Exchange Bank were informed of the proceeding in chancery and of a compromise which Benedict, as president, had made with the Clinton Bank, and had refused to ratify the same. This was objected to by the plaintiff's counsel, and the objection was sustained and the evidence excluded.

The defendant's counsel requested the judge to submit to the jury, as a question of fact, whether Benedict was authorized by the defendant to institute and carry on the proceedings in chancery, with directions to find for the defendant, unless such authority had in their judgment been shown. This the judge declined to do, but on the contrary held that in point of law the defendant was liable to the plaintiff for his services rendered on the employment of Benedict as president on behalf of the bank. Finally the judge decided that the plaintiff was entitled to recover the amount of the taxed bill with interest from the time of the taxation, and so instructed the jury, who found accordingly. The defendant's counsel duly excepted to the several rulings of the court against him, and to the charge. The defendant moves for a new trial on a case.

*Putnam & Hoyt*, for the defendant.

*Platt Potter*, for the plaintiff.

*By the Court*, BEARDSLEY, Ch. J. It was provided by a former statute of this state, but which is not now in force, that no action should be commenced by any attorney for the recovery of his fees or charges, until eight days after service of a bill of such fees and charges on the party to be charged therewith. (1 *R. L.* 417, § 9.) The English statute on the same subject required such bill to be served at least one month before suit was brought upon it. (1 *Tidd's Pr.* 326.) Where a bill had been served as the statute required, and an action was brought to recover the amount, the defendant was not allowed to con-

Mumford *v.* Hawkins.

test the items on the trial of the cause, as he could have procured the bill to be taxed by application to the court at a seasonable period. (*Scott* v. *Elmendorf*, 12 *John.* 315.) So too where a bill of costs has been taxed *on regular notice to the party*, he cannot, in an action on the bill, litigate the items as taxed. (*Platt* v. *Halen*, 23 *Wend.* 456.) These are well settled rules, but I do not see that they authorized or can sustain the decision of the judge that the taxed bill of fees claimed by the plaintiff in this case, was legal evidence against the bank. There is no analogy between the cases, for here the bill had not been served, nor was it taxed on notice to the party sought to be charged with the amount. If the bank could have applied to the court of chancery for a taxation of the master's bill, there had been no opportunity to do so in the present case, as the bill had not been furnished. It seems to me, therefore, that this taxed bill was improperly received in evidence. The bill as made out was the act of the plaintiff alone, and could prove nothing against any other person. Nor could an *ex parte* taxation bind the bank, which was in no sense a party to that act of the vice chancellor, whatever might have been its effect if notice had been given. I am unable to see any principle on which this bill was competent evidence against the defendant, and for the error in receiving it as such a new trial should be had.

It was not denied that Benedict was president of the Exchange Bank of Genesee, when the petition in chancery was presented, and the examination founded thereon took place. The petition was by said Benedict *as* such president, and if he was authorized to act in that matter for the bank, the proceeding throughout, must be regarded as carried on for the benefit of the bank itself. And in the absence of all proof to the contrary, we think it must be assumed that the president was duly authorized to institute and carry on that proceeding for the bank. (*Amer. Ins. Co.* v. *Oakley*, 9 *Paige*, 500, 501.) There was nothing shown on the trial to repel the presumption of such authority, but much to confirm it. The president was one of the finance committee of the board of directors of the

bank, and had acted as agent in procuring state stock. The cashier, who was the principal financial officer, had, as was shown by his letter, employed or authorized the employment of the solicitor to carry on the chancery proceeding, and the president had for several weeks attended the examination directed by the chancellor upon the matters stated in the petition. Upon the whole, therefore, we are of the opinion that on this point the evidence was quite conclusive, and left no ground on which the jury could lawfully find that the proceeding in chancery was not authorized by the bank. There was no error in refusing to submit this question to the jury as asked on the part of the defendant.

The offer by the defendant's counsel, to show that the directors of the bank were informed in 1841 of the petition and the proceedings thereon, and then repudiated the same and a compromise which said Benedict had made with the Clinton Bank, was properly rejected by the court. The offer was not to show an original want of authority on the part of the president to institute the proceedings, nor, from the terms of the offer, can it well be understood that the directors *first* heard of the petition in 1841 ; but however this may be, the fact that the directors then refused to ratify what had been done by the president was not admissible evidence against this plaintiff.

As the taxation of the bill of fees was of no effect against the bank, it was not a case in which the court should have directed the jury to allow interest. There should be a new trial.

Ordered accordingly.