WESTERN BANK OF MISSOURI, Respondent, *v.* ABNER L. GILSTRAP, Appellant.

1. *Corporations, attorneys at law may be employed by, without resolutions of the board of directors.*—Managing officers of corporations have power to employ attorneys and counselors without formal resolutions to that effect from their boards of directors.

*Appeal from Fourth District Court.*

*Eskridge, Ruby & Vories*, for respondent.

*Eberman, Gilstrap & Williams*, for appellant.

BLISS, Judge, delivered the opinion of the court.

The plaintiff brought suit to recover a balance due upon a stock note, and the defendant offset professional services in giving counsel upon amending a legislative act, under which the plaintiff's branch at Bloomington went into liquidation. Under the instruction to the jury, the offset was not allowed, and defendant appeals. The evidence shows that the president of the branch was out of the country; that there was no acting officer except the cashier; that the cashier employed defendant to perform the services. It also shows that the corporation met and availed. themselves of the provisions of the act, though it nowhere appears that the matter of the employment of defendant was ever considered either by directors or stockholders. Upon the trial the court gave the following instruction: "That the law under which the plaintiff, as a corporation, had its existence, conferred upon Mr. Shortridge, whether as cashier or president, no authority to contract with defendant, Gilstrap, as alleged in his answer; and as a contract of that kind is wholly without the usual and ordinary duties devolving upon persons as cashier or president of a bank, incorporated such as plaintiff, unless defendants show some express authority given to Mr. Shortridge to make said contract, defendants can not recover, unless Mr. Shortridge's act became the act of plaintiff by some express ratification of the board of directors or stockholders." The record shows that, upon being requested to modify the term "express," in the instruction, so as to allow the jury to infer a ratification from the acts of the corporation, the judge said orally, in the presence of the jury, that "the authority must be by resolution of the board of directors or of the stockholders, to bind the plaintiff." This comment was irregular, but as it adds nothing to the terms of the instruction, the defendants were not injured by it. I do not find in the act of 1857, to regulate banks, etc. (Sess. Acts 1856-7, p. 14), under which this corporation was organized, any special provisions in regard to the duties of its directors or officers, and it must be governed by the general law.

"Corporations, like natural persons, are bound only by the

acts and contracts of their agents, done and made within the scope of their authority." (Ang. & Ames on Corp., 8th ed., § 299, and see case cited in the notes.) No exhibit has been made of the by-laws of the plaintiff, and we are unadvised as to whether any special authority was given or withheld from the directors or officers. The evidence shows that a draft of an act necessary to wind up the concerns of the plaintiff was submitted to defendant by the cashier, then the only officer in the place, for his professional opinion upon it, and for such corrections as should make it answer its ends. The court, in the instruction quoted, held that this act of the cashier was wholly beyond his authority. In American Insurance Company v. Oakley, 9 Paige, 496, the authority of a solicitor to appear for the company was questioned, he having been employed by an attorney who had been authorized to act by letter from the president. The action of the attorney in employing the solicitor was sustained, the court remarking that if the president exceeded his authority the bank must look to him for damages. In commenting upon the case, the chancellor further remarks: "It is a matter of every day occurrence for the president and other head officers of corporations to employ and retain attorneys and counsel to prosecute or defend suits, or to assist in legal proceedings in which the corporation is interested. And I doubt whether it is usual for the members of the bar to take the precaution to inquire, when they are thus retained, whether there has been a formal resolution of the board of directors authorizing their retainer in the case."

Mumford v. Hawkins, president of the Exchange Bank, 5 Denio, 355, was an action by the plaintiff for a bill of fees in a suit instituted by defendant's bank, and the principal defense was that the action was unauthorized. In giving the opinion of the court, Beardsley, J., says: "In the absence of all proof to the contrary, we think it must be assumed that the president was duly authorized to institute and carry out that proceeding for the bank. There was nothing shown on the trial to repel the presumption of such authority, but much to confirm it. * * The cashier, who was the principal financial officer, had, as was shown by his letter, employed or authorized the

solicitor to carry on the chancery proceedings," etc. And it having been shown that the bank directors repudiated said suit and the proceedings therein, the judge further remarked that " the fact that the directors then refused to ratify what had been done by the president was not admissible evidence against this plaintiff."

From these authorities — and others might be given to the same effect — it is clear that the managing officers of a corporation have power to employ attorneys and counselors; so that the instruction complained of is erroneous in its very inception. If such officers transcend their powers, as limited by the particular corporation, they are responsible to their employers, but outsiders are not supposed to be advised of their limitations. It would be very strange if banks should be deprived of the power of employing attorneys except by calling a meeting of the board of directors, and by formal resolutions. Promptness is often required in instituting proceedings for the security of debts, and delays might be very damaging; and if the employment of attorneys, either to appear in suits or otherwise, in their legitimate business, should be held to be beyond the scope of the authority of the general officers of the bank, the bank itself would be much more likely to suffer than the persons employed. The nature of the employment, the character and value of the services, are all matters for the consideration of the jury under the evidence.

That the case may be again tried, we reverse the judgment and remand it to the Circuit Court; the other judges concurring.