————o————

# W. W. Southgate, Respondent, *vs.* The Atlantic and Pacific Railroad Company, Appellant.

1. *Corporation, appointment and authority of agent, how shown.*—Not only the appointment but the authority of an agent of a corporation, as *e. g.* his authority to employ counsel on its behalf, may be implied from the adoption or recognition of his acts by the company.

2. *Corporations—Appointment of Attorneys—Express delegation of power—Formal resolutions unnecessary* —Managing officers of corporations have power to employ attorneys and counselors without express delegations of power, or formal resolutions to that effect.

61    89
35a  515
61    89
37a  463
61    89
40a   43
61    89
118  555
61    89
66a  654
61    89
77a  444
61    89
87a  603
61    89
166   33
61      89
e101a²134
61      89
95a ⁵ 15

3. *Attorneys' services for railroad—Proof as to value of, how shown.*—In suit against a railroad, for professional fees, proof that the services of a good attorney at the place where plaintiff was, were reasonably worth so much per month, is improper. The attention of the witness should be called to the particular services rendered, and his opinion predicated thereon.

4. *Atlantic and Pacific Railroad—Liability of, for debts of South Pacific, how shown.*—The passage of the act authorizing the consolidation of the South Pacific and Atlantic and Pacific Railroad Companies (See Sess. Acts 1871, p. 66, § 2), did not render the latter liable for the debts of the former without proof that they did in fact consolidate; and of such fact the courts cannot take judicial cognizance.

5. *Interest—Demand.*—Interest cannot be allowed on accounts till after demand. (Wagn. Stat., 782, § 1.)

*Appeal from Phelps County Circuit Court.*

*J. N. Litton,* for Appellant.

I. The services were rendered for the South Pacific road, and 1. the petition failing to allege a consideration for the pretended promise of appellant to pay therefor, no proof can supply the defect. 2. Such promise should have consideration, (Cook vs. Elliot, 34 Mo., 586; Thorp Val. Verb. Prom., pp. 83–4, § 11) unless in writing, signed by appellant, would not be binding, (Wagn. Stat., 656, § 5) and it must have been made to appellant. (Page vs. Becker, 31 Mo., 466.) 3. There was no proof of any agreement so to pay; and no proof of any consolidation of the two roads. Sec. 1 of the act of March 15th, 1871, is no proof, and the court could not take judicial cognizance of that fact. (Gorman vs. Pac. R. R., 26 Mo., 453.) 4. Sec. 2 of the act of March 24th, 1870, fixes no responsibility on appellant for private contracts of the South Pacific Railroad incurred prior to its sale.

II. Santee was merely land agent of the South Pacific Railroad, and certainly was not a managing officer and had no power, in his own discretion, to employ counsel for the road.

III. The first instruction given for plaintiff was wrong. No debt bore interest at common law. This debt was on account, and, under the statute, bore interest only from demand. Of demand there was no proof.

IV. The second instruction for plaintiff was also wrong; 1st. because there was no evidence on which to base a sub-

mission to the jury, of the question of merger ; much less of assumption by appellant, of the liabilities of the South Pacific Railroad ; 2d. because the question of liabilty was for the court, not the jury.

It is error to submit a question of law to the jury. (Coleman vs. Roberts, 1 Mo., 97 ; Fugate vs. Carter, 6 Mo., 267 ; Newman vs. Lawless, 20 Mo., 279 ; Hickey vs. Ryan, 15 Mo., 62 ; Atterberry vs. Powell, 29 Mo., 429 ; Crawley vs. Mullins, 48 Mo., 517.)

V. The proof as to value of services was incompetent. The witness' attention should have been called to the services actually rendered, and his opinion asked in reference thereto.

*Henry Flanagan, with whom was A. M. Lay,* for Respondent.

I. In the absence of proof to the contrary, it is to be presumed that the general superintendent had power to employ the respondent, and that in doing so, he acted within the scope of his authority. (Tomlinson vs. Catlett, 4 Blackf., 436 ; Sto. Ag., §§ 126, 127, 131, 132, 133 ; New Albany R. R. Co. vs. Haskell, 11 Ind., 302 ; Russell vs. Reece, 61 Eng. C. L. R., 660 ; Doan vs. Duncan, 17 Ill., 273.)

II. The officers of the company were aware that the respondent was performing those services, and even though the superintendent had no authority to employ respondent—and it is not in evidence that he had not—as the appellant has received the benefit of respondent's labor, it is liable to pay for it. (Merchants' Bank. of Macon vs. Cent. Bank. of Georgia, 1 Kelley [1 Geo.]. 418 ; Rice vs. Groffman, 56 Mo., 434.) No objection was made by any officer of the company, to respondent's services ; on the contrary, he consulted with and received instructions from the general attorneys in St. Louis, in addition to those received by him from the superintendent, and he was recognized by other officers of the company. Appellant cannot now be allowed to say that the original agreement was made by a person not legally authorized to contract. (Fistle vs. La Rue et al., 15 Barb., 323 ; Kiley vs. Forsee,

57 Mo., 390; Watson vs. Bigelow, 47 Mo., 413; Keenan vs. Ins. Co., 12 Iowa, 126; 1 Pars. on Cont., pp. 49, 50, 51; Bredin vs. Dubary, 14 Serg. & R., 27; Veazie vs. Williams, 8 How. (U. S.), 134; McCullod vs. McGee, 16 Penn. St., 289; Brigham vs. Peters, 1 Gray, 139.)

III. The appellant offered no evidence touching the agency either of Benson or Santee. It was not denied that they were superintendents as alleged and proved by respondent. The instructions asked by the appellant were therefore properly refused. There was no conflict of testimony as to the superintendent's power to employ the respondent, nor did the appellant attempt to show that the superintendent acted beyond his authority in retaining the respondent. (New Alb'y R. R. Co. vs. Haskell, *supra*.) Nor was the respondent required to ascertain what power was possessed by the superintendent, or what power was intended to be given to him. The respondent might well infer from the acts of the superintendent and from those of the other officers of the company, that the requisite authority was vested in the superintendent. If these acts were such as to lead the respondent to believe that the superintendent acted within the scope of his authority, however limited the power of the superintendent might have been, as between him and the company, the latter is liable. There is certainly strong proof of apparent authority. (Johnson vs. Jones, 4 Barb. 369; Perkins vs. West. Ins. Co., 4 Cow., 645; Com. Bk. vs. Norton, 1 Hill, 501; Sto. on Ag., § 130, *et seq*.)

IV. Seay's testimony as to the value of respondent's services was competent. The bill of particulars filed by respondent, under the first count, was for monthly wages or salary. The testimony tended to prove the value of said service per month.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff, an attorney, brought this action to recover the reasonable value of certain professional services, alleged to have been rendered defendant, and of certain other services

rendered another corporation, which it is alleged, the defendant promised, after the services had been rendered, to pay.

The first count in the petition claimed fifteen hundred dollars for services performed, and for counsel and services as an attorney at law, rendered at defendant's request.

The second count claimed the sum of one hundred and thirty dollars for legal services rendered the South Pacific Railroad, which it was averred the defendant assumed and promised to pay. The answer was a denial of all the allegations contained in the petition. The bill of particulars accompanying the first count referred to certain specific cases attended to, and stated a demand of payment for counsel and services as an attorney generally from March 15th, to October 15th, 1867. The bill of particulars to the second count showed the items for which the services were claimed. The plaintiff gave testimony in his own behalf and stated that the services were performed, and that he was employed by the Superintendent of the road, and that he at different times corresponded with the various officers and managers of the road, and that they recognized him as an attorney and acquiesced in his employment.

He also proved, by a witness, against the objection of the defendant, that the services of a good attorney at the place where plaintiff was, would be reasonably worth two hundred dollars per month. The evidence in reference to the second count showed that the plaintiff was employed by a local agent of the South Pacific Railroad; but there was no evidence to show any promise by the defendant to pay the debt.

The court instructed the jury that if they found that plaintiff was in the service of the defendant, and in the service of the South Pacific Railroad, in manner as alleged in the respective counts of the petition, they should find for plaintiff the reasonable worth or value of the services, with interest at six per cent. from the accruing of the indebtedness. There was a verdict and judgment for plaintiff on both counts.

It is insisted by the defendant that before the plaintiff could recover, it was necessary for him to show that the officers

who employed him had authority from the corporation to make the employment. We think differently. The evidence shows very clearly that the defendant availed itself of the services of the plaintiff, running through a period of several months, with a full knowledge of all the facts; and if there was any defect in the authority conferring the original appointment, this would amount to a ratification.

The rule is that not only the appointment, but the authority of the agent of a corporation may be implied from the adoption or recognition of his acts by the corporation. (Kiley vs. Forsee, 57 Mo., 390.)

Managing officers of corporations have power to employ attorneys and counsellors, without express delegations of power, or formal resolutions to that effect. (Western Bank vs. Gilstrap, 45 Mo., 419.) In discussing this question in Am. Ins. Co. vs. Oakley, (9 Paige 496) the Chancellor said: "It is a matter of every day occurrence for the president and other head officers of corporations to employ and retain attorneys and counsel to prosecute or defend suits, or to assist in legal proceedings in which the corporation is interested. And I doubt whether it is usual for members of the bar to take the precaution to inquire when they are thus retained, whether there has been a formal resolution of the board of directors authorizing their retainer in the case."

The evidence of the witness as to the value of the services was improper. He testified that the services of a good attorney would be reasonably worth two hundred dollars per month. His attention should have been called to the services rendered, and his opinion should have been asked what such services were worth.

The only evidence introduced by the plaintiff to show that defendant was liable for the debt of the South Pacific Railroad Company, was the second section of the act of March 15th, 1871, which enacted that, " on the said two companies filing, in the office of the Secretary of State, a certificate of their respective corporate seals, and the signatures of their respective presidents and secretaries, to the effect that they

have availed themselves of the privileges of this act, such merger and consolidation shall *ipso facto* become complete, and from henceforth the Atlantic and Pacific Railroad Company shall, by that name, have and possess all the rights, powers, privileges, immunities, advantages, franchises and property whatsoever of said South Pacific Railroad Company in the same manner and to the same extent and effect as that company had or possessed, or but for its said sale and conveyance might have had or possessed, provided, that the before mentioned Atlantic and Pacific Railroad Company shall be subject to all the duties, liabilities, obligations and restrictions resting on either of said railroad companies before the consolidation herein referred to and authorized."

The defendant would be liable for the debts and liabilities of the South Pacific Railroad if the consolidation authorized took place. But we cannot take judicial notice of the fact that the companies accepted the act and consummated the consolidation, and there was no proof on the subject.

The court erred in instructing that the plaintiff was entitled to six per cent. interest from the time that the indebtedness accrued. The statute provides that creditors shall be allowed to receive interest at the rate of six per cent. per annum, when no other rate is agreed upon, for all moneys after they become due and payable on written contracts, and on accounts after they become due and demand of payment is made. (Wagn. Stat., 782, § 1.) The suit was on an account and therefore interest was not allowable till demand of payment was made, and it was not shown that any demand was ever made.

The judgment should be reversed and the cause remanded. Judges Napton and Sherwood concur. Judges Vories and Hough absent.