THOMPSON v. SCHOOL DISTRICT No. 4, TOWNSHIP 29, RANGE 22, *Appellant.*

1. **Entry of Appearance of School District as Defendant.** A school district may enter its voluntary appearance as defendant in an action without any order of the board made at a formal meeting and entered of record. If the appearance be entered by one member of the board with the knowledge and consent of the others, they cannot, after verdict, object to the regularity of the proceeding.

2. **Practice, Pleading.** It is too late after filing answer to object to the petition on the ground that it blends two distinct causes of action in the same count.

3. **Limitations.** The five years statute of limitations is a bar to an action on a verbal contract in favor of any person brought in as co-defendant after the five years have elapsed.

4. **Interest.** Where the date of demand of payment of an open account does not appear by anything in the record this court will not assume that it occurred before the defendant against whom the judgment was rendered, was made party to the action; and if the judgment includes interest from a time prior to that, it will be reversed.

5. **Practice: JUDGMENT.** Where the petition in an action against two defendants expressly alleges a partial liability only on the part of each to answer plaintiff's demand, a judgment against one for the whole amount is erroneous.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

In the year 1867 the board of directors of sub-district No. 3, school township 13, range 22, employed plaintiff to teach their district school and also rented a house from him for a school house. Before he had been fully paid the debt thus created, the sub-district was disorganized and a portion of the territory embraced in it was attached to the city of Springfield and passed under the control of the Board of Education of the city of Springfield, and the residue was reorganized as district No. 4, school township 13, in township 29, range 22. Plaintiff then brought this suit to recover the balance due him. As originally instituted, the suit was against the Board of Education of the city of Springfield alone. In its answer, that board alleged that said district No. 4, the present appellant, was a necessary party defendant. At a term of the circuit court of Greene county held in July, 1876, J. H. Show, Joseph Kirchegraber and S. N. Ingram, as directors of said school district No. 4, presented to the judge the following paper:

F. M. THOMPSON,  
      v.         } In Greene Circuit Court  
SPRINGFIELD BOARD OF EDUCATION,

*Judge Geiger:* If, in your judgment, it is necessary to make district No. 4, school township No. 13, Greene county, Mo., in order to determine the rights of all the parties, a party to the above entitled suit, I am willing to waive the necessity of summons and enter our appearance in order to save costs.

      J. H. SHOW, Director, &c.

      JOSEPH KIRCHEGRABER, Director.

      S. N. INGRAM, Director.

On the 25th day of July, 1876, plaintiff filed an amended petition making the present appellant a party de-

fendant, which petition was substantially as follows :

Plaintiff states that in the year 1867, he was employed as school teacher by sub-district No. 3, of school township 13, township 29, range 22, Greene county, Mo., by the directors of the Board of Education of said sub-district No. 3, for a monthly salary of $75 per month; and plaintiff rented said sub-district a house for the purpose of a school house for the sum of $25 per month. Plaintiff states he taught school in said sub-district No. 3, for the period of twelve months in the years 1867, 1868, 1869; and that said sub-district occupied his house so rented for school purposes, for the same time; all of which will more fully appear by the orders hereto attached, marked exhibit "A," "B" and "C," which were issued to plaintiff by the school directors of said sub-district No. 3, and directed to the school township clerk, and now made a part of this petition. And further states, that said teaching and rent of house was well worth the amount sued for and agreed on; further states, that in the year 1869, said sub-district was composed of sections 25, 26, 35 and 36; and all that portion of sections 13, 14, 23 and 24, then lying outside of the then limits of the city of Springfield, Mo., all in township 29, range 22, Greene county, Mo., were disorganized; and all that portion of said sub-district lying in sections 13, 14, 23 and 24, was, at that time, and is now, merged into and attached to the defendant, the Board of Education of Springfield, for school purposes, and is organized and established as a single school district; and further states, that the defendant, the Board of Education of Springfield, Mo., are the successors of the Board of Education of said sub-district No. 3, as far as the territory was so taken. And further states, that in 1869, at the time of said disorganization, all that portion of said sub-district No. 3 lying in sections 25, 26, 35 and 36, township 29, range 22, was, at said time and is now, merged into the other defendant, district No. 4, township 29, range 22, of Greene county.

Plaintiff avers that he received on said orders hereto

32—71

attached as aforesaid, the sum of $612, and the balance due of $580, with interest thereon, is yet due plaintiff; that he demanded payment of defendant's township clerk, township 13, range 22, and was refused; that he is now unable to state the proportionate liability of defendants, who are the successors of said sub-district No. 3, but expects to be able to establish the same by proofs on trial. Wherefore plaintiff prays judgment for the sum of $580 and interest thereon.

Upon the filing of this petition J. H. Show, one of the above named directors, entered the appearance of appellant and for her filed a demurrer, which, being overruled, he filed an answer substantially as follows:    That district No. 4 had paid off all liabilities incurred by said sub-district No. 3, mentioned in the petition; that over five years had elapsed since plaintiff's claim accrued; that the Board of Education of the city of Springfield, and her predecessor in office, issued the orders here sued upon; that said city Board of Education of Springfield are the successors of district No. 3, if it ever existed; that district No. 3 constitutes, or did constitute, what is now known as the Board of Education of Springfield, and that all the territory district No. 4 ever acquired or that ever did belong to district No. 3, was first acquired by the city board by an act of the legislature extending said city board's boundary, and after contracting the same, by another act of the legislature, thereby leaving a portion of her territory disorganized; that district No. 4 never had any organized existence as a school district until 1874—eight years after said indebtedness was created, if any ever existed.

The reply was a general denial of all the averments of the answer.    There was a verdict and judgment in favor of plaintiff, and against district No. 4, for the full amount of plaintiff's demand, with interest, and in favor of defendant the Board of Education of Springfield for costs.

*J. C. Cravens* for appellant.

*F. S. Heffernan* for respondent.

SHERWOOD, C. J.—This case was here before, and is reported in 61 Mo. 176, at which time the principles controlling cases of this sort were discussed. On return of the cause to the circuit court, an amended petition was filed July 25th, 1876, and the present defendant was at its request, made a party, and the suit then proceeded against the Board of Education of Springfield, Mo., as well as the present defendant.

1. There is no merit in the point that the entry of the appearance of the defendant was unauthorized. It 1. ENTRY OF AP- was not necessary that a formal meeting of PEARANCE OF SCHOOL DISTRICT the defendant's school board should have AS DEFENDANT. been had authorizing, of record, the appearance of defendant to the action. J. H. Show and the other directors signed the request that defendant, if necessary, be made party to the suit, and J. H. Show appeared and filed a demurrer, and upon that being overruled, filed, as attorney, the answer of the district. In addition to that, all the directors were present as witnesses during the trial of the cause. In such circumstances, it is quite too late for them to raise such an objection as was attempted in the lower court. Managing officers of other corporations may engage the services of attorneys without express delegation of power or formal resolutions to that effect. *Western Bank v. Gilstrap*, 45 Mo. 419; *Turner v. C. & D. M. C. R. R.*, 51 Mo. 501; *Southgate v. A. & P. R. R.*, 61 Mo. 89, and no good reason is perceived why the same rule should not obtain in instances like the present one. Exigencies may arise, even in the concerns of a school board, which would compel the immediate employment of an attorney, when delay might prove greatly detrimental to the interests of the board. We, therefore, hold the reason of the rule above noted, applies as well here as in other instances. Of course, if we concede the power, without formal reso-

lution, to employ an attorney, the usual results of such employment will follow as a necessary consequence.

2.   The petition in this case cannot be commended or deemed valuable as a precedent, and certainly argues no

2. PRACTICE, PLEAD-
ING.
great familiarity with Chitty. In one and the same count two different causes of action, against two defendants are blended in great confusion. But the defendant did not raise either of these points by demurrer, and if they had been thus raised, would have been waived by answering over.   Repeated adjudications of this court have settled this.

3.   This suit was brought on a verbal contract for services as a teacher and for the rent of a school-house, in

3. LIMITATIONS.
the years 1867, 1868 and 1869.   There is not the slightest pretense for the assertion that the suit is based on the orders attached and referred to in the petition, since the orders are referred to only for the purpose of showing the amount due plaintiff, and not for the purpose of declaring on them as a cause of action.   This being the case, as the petition was not amended nor the present defendant made party thereto, till July 25th, 1876, it must be apparent that the statute of limitations, five years, was available to the defendant as a bar to the action.   Had the suit been instituted on the school orders, it is probable a different question might be presented, one whose present determination would, obviously, be premature.   But treating the suit as brought on the verbal contract, and that over five years elapsed between the years 1869 and the amending of the petition, how is the defendant to avail itself of such statutory bar in the face of such a remarkable and singularly worded admission as this contained in the bill of exceptions?   " It is here admitted by the plaintiff and defendant for the purpose of this bill of exceptions, that other proof was made which was sufficient to sustain the material allegations of plaintiff's petition, and that District No. 4 was liable for three-tenths, and the Board of Education of Springfield for seven-tenths if liable, or each

one for all, if the finding should be that way." It would seem in one view from the language quoted, that the bar of the statute had been in some way overcome by the testimony adduced. But in another view, the language employed may be only equivalent to this, that, aside from the defense of the statute set up in the answer, plaintiff had made sufficient proof of the mere allegations of the petition, leaving the statutory bar which the pleadings on their face showed to be well pleaded, untouched and unassailed by the testimony adduced. If the latter view is the correct one to take of the singular phraseology quoted, then so far as the present form of action is concerned, the statute of five years is a complete bar.

4. The judgment must be reversed for the reason that the verdict in favor of the plaintiff is for too large a sum. The verdict returned July 31st, 1876, was for $738. The amount claimed was only $580 and interest. No interest would be allowable in a case of this kind until after demand made. 1 Wag. Stat., § 1, p. 782; *Southgate v. Railroad, supra.* It is alleged that demand was made of defendant's clerk; but when? We cannot assume in the absence of any date given that it was before defendant was voluntarily made party to the action. Interest was allowed by the jury at six per cent for over four years on $580, whereas, only five days elapsed between the amendment of the petition and the return of the verdict.

*4. INTEREST.*

The verdict was too large, also, by reason of two other considerations. The petition informs us what sections composed sub-district No. 3, in the year 1869, when the disorganization took place, but what sections composed that sub-district in the years 1867 and 1868, when a portion of the indebtedness accrued we are not informed.

Again, it is not pretended in the petition that defendant is liable for the whole amount sued for, $580, but only for its "proportionate liability," and that to be established "by proofs on trial." The

*5. PRACTICE: judgment.*

jury found in favor of the other defendant, the Board of Education of Springfield, and evidently against the present defendant for the full amount of the principal, but made a miscalculation as to interest. The judgment will be reversed and the cause remanded. All concur.