The President Mining and Milling Company Respondent, v. L. A. Coquard, Appellant.

St. Louis Court of Appeals, March 18, 1890.

1. **Corporations.** The insolvency of a corporation, and its discontinuance of the business for which it was organized, does not deprive it of the power of collecting and enforcing in its own name claims due to it.

2. ———: EMPLOYMENT OF ATTORNEY. An attorney may be employed by a corporation to prosecute a suit in its behalf without a formal resolution of its board of directors, authorizing such employment.

President Mining & Milling Co. v. Coquard.

3. **Practice, Appellate.** A demand for an affirmance with damages *held* warranted on the ground that every proposition urged by the appellant had been determined adversely to him by prior decisions of the supreme court and this court.

*Appeal from the St. Louis City Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

Jos. S. Laurie, for the appellant.

Lee & Ellis, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff brought this action to recover a balance in the hands of the defendant, admitted to be due. The only defense now sought to be sustained arises on the following part of the answer: "Further answering defendant says said company on the —— day of ——, 1888, sold and transferred to another corporation, the Quintette Mining Company, all its property and assets, including the present claim, and that plaintiff has, therefore, no right or interest in the same, and defendant further says that since the date of the aforesaid transfer this plaintiff, being insolvent, discontinued all business, and ceased to exist as a business or mining corporation, and defendant further states that this suit is brought without the authority of plaintiff as a corporation."

Upon the trial the defendant gave evidence tending to show the following facts: The plaintiff was a Colorado corporation, organized for the purpose of mining and business incidental to it, and all its mining claims were sold out under a deed of trust prior to the institution of this suit. The asset sued for was never transferred, but was, with some tangible property, presumably of some slight value, still the property of the

corporation. The last meeting of the stockholders of the corporation was held in November, 1888, at which directors were elected, and this suit was instituted with the knowledge and by the authority of the directors, but whether such authority was evidenced by resolution of the board or not, did not appear. The defendant asked the president of the corporation, whom he called as his witness, whether the company had made any attempts to resume its business, or intended to do so, and what the value of the tangible property owned by the corporation was, which questions were ruled out by the court as calling for irrelevant evidence.

The defendant also offered in evidence part of the general corporation laws of the state of Colorado, providing that, "upon dissolution by expiration of its charter or otherwise" of any corporation, the directors shall become trustees for winding up the corporate affairs. The provision is substantially the same as contained in section 744 of our Revised Statutes of 1879, which was the law of this state when the cases hereinafter referred to were decided. Our statute merely uses the words, "upon the dissolution of any corporation," and the Colorado statute adds, "by the expiration of its charter or otherwise." As the term dissolution of a corporation necessarily includes its dissolution in any manner known to the law, there is no substantial difference between the Missouri and Colorado statute on the subject.

The trial court upon this evidence rendered judgment in favor of the plaintiff, and the errors assigned are that the court erred in ruling out the evidence above mentioned offered by the defendant, and further erred in rendering judgment for the plaintiff. There is no merit whatever in either of these complaints. It is the law of this state, and, as far as we are aware, of all jurisdictions, that the insolvency of a corporation, and its discontinuance of the business for which it was

organized, does not deprive it of the power of collecting and enforcing claims due to it in its own name. It was so held by this court in *Butchers and Drovers' Bank v. Pulitzer*, 11 Mo. App. 594, where the proof offered was precisely the same as was ruled out in this case, and where this court held the proof was properly ruled out. It was so held by the supreme court in *Kansas City Hotel Company v. Sauer*, 65 Mo. 279, and *Chouteau Ins. Co. v. Floyd*, 74 Mo. 286. There is no difference whatever between the propositions decided in those cases, and the propositions arising in the present case. Whether the directors in an insolvent corporation are chargeable as trustees in dealing with corporate assets, is an entirely different question, with which the defendant in the present suit has no concern. The defendant is sued for a claim, which he admits is justly due to the corporation, and under the decisions the corporation as such is legally entitled to enforce the claim.

Nor can we see any merit whatever in the proposition contended for, that no legal authority to prosecute this suit on behalf of the corporation is shown. The law in this state is settled by a course of uniform adjudications that no formal resolution of the board of directors is prerequisite for the employment of counsel for a corporation. *Western Bank v. Gilstrap*, 45 Mo. 419; *Southgate v. Railroad*, 61 Mo. 89; *Thompson v. School District*, 71 Mo. 495; *Holmes v. Board of Trade*, 81 Mo. 137. In the case last cited, Judge HOUGH says: "A contract for legal services may be made by the tacit or implied consent of the board of directors;" and, in *Thompson v. School District, supra*, Judge SHERWOOD says: "Of course, if we concede the power, without formal resolution, to employ an attorney, the usual results of such employment will follow as a necessary consequence." The question in that case was whether the entry of the appearance of the corporation as a party defendant by attorney was duly authorized.

It will be thus seen that every proposition urged by the appellant has been determined adversely to him by prior decisions of courts of last resort in this state. Such being the case, the plaintiff is justified in insisting that the judgment should be affirmed with damages. All the judges concurring, the judgment is affirmed with ten per cent. damages.