[No. 15260.    Department One.—May 31, 1894.]

JAMES M. STREETEN, ASSIGNEE, ETC., APPELLANT, *v.* C. P. ROBINSON, RESPONDENT.

CORPORATIONS—EMPLOYMENT OF ATTORNEY—AUTHORITY OF PRESIDENT.— The president or other head of a corporation has authority to employ an attorney, when the exigencies of his company require it.

ID.—EXECUTED CONTRACT WITH VICE-PRESIDENT—ACTION BY ASSIGNEE IN INSOLVENCY.—Where the vice-president, who, in the absence of the president, conducts the business affairs of the corporation, employed an attorney for the corporation, with whom a settlement was had for services rendered, and payment made, without objection on the part of the corporation or any officer thereof, the subsequent assignee in insolvency of the corporation cannot recover the money so paid.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*S. C. Denson*, for Appellant.

Although the board of directors of the corporation might have expressly authorized the president or other officers to perform corporate acts or enter into contracts

for the corporation, yet the authority to perform such acts or make such contracts can be derived only from a resolution of a majority of the board of directors when duly assembled for that purpose. (*Salfield* v. *Sutter County etc. Co.*, 94 Cal. 549; Morawetz on Private Corporations, secs. 326–28; Cook on Corporate Laws, sec. 712; *Edgerly* v. *Emerson*, 23 N. H. 555; 55 Am. Dec. 207; *Alta Silver M. Co.* v. *Alta Placer M. Co.*, 78 Cal. 629; *Gashwiler* v. *Willis*, 33 Cal. 11; 91 Am. Dec. 607; *Harding* v. *Vandewater*, 40 Cal. 78.) The simple fact that John P. Sheldon was the acting president of the American Bridge and Building Company affords no evidence *per se* of his authority to bind that corporation by any of the acts or contracts with the defendant. (*Pixley* v. *Western Pac. R. R. Co.*, 33 Cal. 183; 91 Am. Dec. 623; *Union Gold Min. Co.* v. *Rocky Mt. Nat. Bank*, 1 Col. 532; *Farmers' Bank* v. *McKee*, 2 Pa. St. 318; *McKiernan* v. *Lenzen*, 56 Cal. 61; *Blood* v. *Marcuse*, 38 Cal. 590; 99 Am. Dec. 435; Morawetz on Corporations, secs. 251, 252.)

*T. M. Osmont*, for Respondent.

The vice-president of the corporation had authority to employ the defendant without a resolution of the board of directors. (*Western Bank* v. *Gilstrap*, 45 Mo. 419; *Turner* v. *Chillicothe etc. R. R. Co.*, 51 Mo. 501; *Southgate* v. *Atlantic etc. R. R. Co.*, 61 Mo. 89; *Pixley* v. *Western Pac. R. R. Co.*, 33 Cal. 183; 91 Am. Dec. 623; *Thompson* v. *School District*, 71 Mo. 499; *American Ins. Co.* v. *Oakley*, 9 Paige, 496; 38 Am. Dec. 561; *Mumford* v. *Hawkins*, 5 Denio, 355; *Crowley* v. *Genesee M. Co.*, 55 Cal. 273; *McKiernan* v. *Lenzen*, 56 Cal. 61, 63, 64; *Gillett* v. *Campbell*, 1 Denio, 522.)

SEARLS, C.—This is an action by Streeten, as assignee in insolvency of the American Bridge and Building Company (a corporation), to recover from the defendant the sum of eight thousand nine hundred and sixty-seven dollars and fifty-two cents averred to have been received

by said defendant to the use of said insolvent, and by him converted to his own use.

The cause was tried by the court, and findings in writing filed in defendant's favor, upon which he had judgment, from which, and from an order denying a motion for a new trial, plaintiff appeals.

According to the findings the insolvent, on the eighth day of October, 1890, received from the government of the United States a check or draft, drawn upon the sub-treasury at San Francisco, for eight thousand nine hundred and sixty-seven dollars and fifty-two cents, which draft, properly indorsed, was delivered to defendant for collection, collected by him, and, with the consent of said insolvent, five thousand dollars was retained by him in payment for services rendered by him as an attorney for said insolvent, said sum being an agreed fee allowed him by said insolvent, and the residue was paid to said insolvent and to one Charles C. Rohlffs by its direction and authority.

Defendant is an attorney at law, engaged in the practice of his profession in San Francisco. As such attorney he was employed by, and rendered legal services to, the insolvent, for which a settlement was had, and a fee of five thousand dollars was agreed upon, and paid as above stated.

The contention here grows out of the following facts: The contract for the professional services of defendant was made by John P. Sheldon, vice-president of the insolvent, the president being absent in Mexico at that time and during the period covered by the services in question.

The draft was indorsed, and delivered to defendant for collection by order of said vice-president; and the settlement had with defendant as to the amount of his fee, the payment thereof, and the disposition of the residue of the money, were all had with and done by the consent and order of said vice-president.

The board of directors of the insolvent took no action in the premises from the beginning to the ending of the

business, for which reasons appellant contends the retainer of defendant, the settlement, allowance, and payment of his fee for services, etc., were and are invalid, null, and void, and hence that the evidence showing that the employment and settlement was by the vice-president without the sanction or authorization of the directors does not support the findings that those things were done by the corporation.

There was testimony tending to show that Thomas Thomson, the president, and John P. Sheldon, the vice-president of the insolvent, owned all but three shares of the stock of the corporation, and that they, together, attended to its business, managed its affairs, made contracts, and that when the president was absent Sheldon acted as manager. There had been no meeting of the directors since May, 1890.

In 1885 a resolution was passed by the board of directors, by which the president or vice-president were given full power to sign any and all legal documents relating to the business of the company, after which time they, or one of them, seem to have made all contracts on behalf of the company, and to have managed its affairs.

At common law it was well settled, that corporations aggregate were incapable of making contracts, or of appointing agents or attorneys, except by a deed or power in writing under their corporate seal. With the progress of time corporations have not only increased in number, but their activities have extended to nearly every class of business known to the commercial and industrial world.

As a consequence of these changed conditions, and to secure that celerity of action essential to the conduct of business by modern corporations, these rules have been so far modified that, as was said by Bronson, C. J., in *Gillett* v. *Campbell*, 1 Denio, 522: " Corporations, like individuals, may appoint agents and make most of the contracts which fall within the scope of their general powers without the use of a seal."

The authority of the president, or other head of a cor-

poration, to employ an attorney when the exigencies of his company require it has been repeatedly recognized. (*Western Bank* v. *Gilstrap*, 45 Mo. 419; *Turner* v. *Chillicothe etc. R. R. Co.*, 51 Mo. 501; *Southgate* v. *Atlantic etc. R. R. Co.*, 61 Mo. 89; *American Ins. Co.* v. *Oakley*, 9 Paige, 496; 38 Am. Dec. 561; *Mumford* v. *Hawkins*, 5 Denio, 355; *Pixley* v. *Western Pac. R. R. Co.*, 33 Cal. 183; 91 Am. Dec. 623.)

*Crowley* v. *Genesee M. Co.*, 55 Cal. 273, was similar in principle, and the reasoning there, and the authority of the cases cited, seem conclusive here.

We must not lose sight of the fact that the contract here was executed—that the engagement was made by the vice-president, who, in the absence of the president, conducted the business affairs of the corporation—the services rendered, a settlement had and payment made, without objection on the part of the corporation or any officer thereof, and that this is not an action upon an executory contract, but a suit by the assignee to recover the money so paid upon an executed agreement.

If, therefore, it be conceded that the vice-president had no authority to engage the services of the respondent, it does not follow that a recovery can be had in this case. *Pixley* v. *Western Pac. R. R. Co.*, 33 Cal. 183, 91 Am. Dec. 623, is conclusive of this question.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.