[Civ. No. 12790. Second Dist., Div. Three. June 30, 1942.]

O. C. SATTINGER, Respondent, v. GOLDEN STATE GLASS CORPORATION (a Corporation), Appellant.

Glen Behymer and Newby & Newby for Appellant.

O. C. Sattinger in pro. per., and Frank M. Gunter for Respondent.

WOOD (Parker), J.—Plaintiff, an attorney at law, obtained judgment against defendant for $5,100 for legal services rendered. Defendant appeals and asserts that the judgment was erroneous for the reasons (1) there was no evidence to support the finding of employment of plaintiff by defendant, (2) the evidence as to estoppel was admitted without any pleading alleging the facts constituting the estoppel, and (3) the amount of the judgment was excessive.

An action was pending in the superior court at Los Angeles entitled "G. C. DeGarmo, Plaintiff, v. A. Goldman, N. E. Shenberg, and Golden State Glass Corporation, Defendants," wherein the plaintiff therein as one of the directors of the corporation defendant was seeking to remove the two other directors, Shenberg and Goldman, and to recover damages from them in behalf of the corporation. A receiver pendente lite of said corporation had been appointed.

The plaintiff herein testified that on the day after the receiver was appointed he was called to the office of an attorney at which place defendants Shenberg and Goldman were present, and plaintiff asked how and when he would be paid in connection with his employment by and representation of the corporation in the then pending case; that the attorney said in the presence of Shenberg and Goldman that they had no money to pay him at that time but when the receivership was vacated in the trial court the corporation would pay him; that if it became necessary to appeal or obtain an

extraordinary writ he would be paid at the time the decision became final; the plaintiff also asked about payment for services in the trial of the case and any work other than in the receivership matter, and the attorney said the corporation could not pay for that work at that time either but he would be paid from time to time; the attorney asked Shenberg and Goldman if they were agreeable to the matter as outlined to plaintiff and they nodded assent and one said he was "agreeable."

Defendant Goldman testified that such conversation did not take place in his presence; that nothing was mentioned regarding compensation. On cross-examination he testified that he was discharged by the receiver, was out of the employment of the corporation for a year, but he was in such employment at the time of the trial at a salary of $350 a month; that he verified the petition for writs of prohibition and mandamus which plaintiff prepared and filed, which verification included a statement that "N. Shenberg . . . A. Goldman, secretary of the corporation, and as the only two directors of said corporation who are not plaintiffs in said action, employed petitioner, Oscar C. Sattinger, to represent said corporation . . . and to oppose said order to show cause and take all necessary steps . . . and discharge said receiver." (The petition for writ of prohibition was to prevent the enforcement of orders made in appointing the receiver. The petition for writ of mandamus was to require the trial court to recognize plaintiff as attorney for the corporation.)

There were two plaintiffs, Mr. DeGarmo and Mr. Crane, in the action referred to, when the complaint was filed and when the trial court refused to recognize the plaintiff in the present action (Mr. Sattinger) as attorney for the corporation. It seems that one of the reasons plaintiff was not recognized by the trial court as such attorney was that two directors were plaintiffs and two were defendants and that since the two defendants did not constitute a majority of the directors they did not have authority to employ an attorney for the corporation. Later, Mr. Crane made a motion to be released as a party to the action upon the ground that he had been made a party without his knowledge or consent, and the motion was granted. (It appears that the stock which stood in his name was held by him as trustee for Mr. De Garmo.)

Soon after plaintiff started to act as attorney for the corporation, Mr. DeGarmo, as president of the corporation, wrote a letter to plaintiff stating that the board of directors had not employed plaintiff, that Shenberg and Goldman had no authority to employ him, and that he had no right to represent the corporation.

Plaintiff testified further that, in connection with the receivership matter, he attended the various hearings in the superior court and the District Court of Appeal and prepared and presented the petition for said writs of prohibition and mandamus in the Supreme Court; that the writs were issued, the receivership was vacated and he was permitted to appear as attorney for the corporation; that he devoted twenty-eight days to the receivership phase of the case and that the reasonable value of his services in such matter was $5,000; that in connection with the main case he prepared a cross-complaint against plaintiff DeGarmo to recover fees and salary paid to DeGarmo by the corporation; that he devoted twelve days in the trial of the case, and six partial days, about one-half of each day, in connection with the deposition of Mr. DeGarmo, and seven days in preparation of pleadings, findings, etc.; that the reasonable value of his services in the main case was $2,100.

Mr. DeGarmo, an attorney at law, plaintiff in the case referred to, an owner of one-half of the voting stock and one-third of the capital stock of the corporation, testified that the services rendered by plaintiff Sattinger were of no value; that the reasons for such opinion were: that when the receiver was appointed the organization remained intact except Goldman was discharged; that before the receivership matter was determined finally the case had been tried on its merits, the receiver discharged and the assets turned over to DeGarmo as president; that Shenberg walked out (the judgment removed him); that as to the trial the corporation was not concerned, no relief was asked against it, only the removal of the two directors was sought; that attorneys other than Mr. Sattinger conducted the trial for the defense, except that plaintiff did ask leave to file the cross-complaint and there was some argument about it.

The corporation was a necessary party in said action (Civ. Code, § 310). The plaintiff in that action was president of the corporation and owned one-third of the capital stock of the corporation. The defendants, Shenberg and Goldman,

were vice-president and secretary, respectively; each owned one-third of the capital stock and they were the actual operators of the business.

The finding of the trial court in the action now before us that "the plaintiff and defendant entered into an oral contract with N. E. Shenberg and A. Goldman acting for the said defendant, . . . whereby defendant employed the plaintiff as its attorney to represent it," is supported substantially by the evidence, as shown by the evidence hereinabove referred to concerning the conversation relative to plaintiff's services and compensation. Although Goldman said he was not present, the trial court found to the contrary.

Under the circumstances here presented Shenberg and Goldman had authority to employ an attorney in behalf of the corporation. (*Golden State Glass Corporation* v. *Superior Court,* (1939) 13 Cal. (2d) 384, 396 [90 P. (2d) 75].) In the case just cited the defendant corporation herein, the plaintiff herein, Shenberg and Goldman were petitioners in the Supreme Court for a writ of mandamus to require the superior court to recognize the plaintiff herein as attorney for said corporation in the action concerning which plaintiff is now suing for attorney's fees. The writ of mandamus was granted and the plaintiff herein was permitted to appear as attorney for said corporation. The Supreme Court stated at page 396 of said case: "Petitioners' contention that, the trial court should have recognized Sattinger as attorney for the corporation must also be sustained. The commencement of the litigation by DeGarmo made necessary the appointment of an attorney for the corporation. At that time it had four directors, but only DeGarmo, Shenberg and Goldman actively participated in the direction of the corporate affairs. By the uncontradicted affidavits of Goldman and Shenberg it appears that Crane acquired his two shares of stock in 1936 for the purpose of representing DeGarmo's interest during his absence on a long vacation trip. The agreements between DeGarmo, Shenberg and Goldman which are set forth in the complaint, recite that these three men are the sole owners of the stock of the corporation. Unquestionably, Crane has no interest in the defendant corporation and the record includes an affidavit quoting Crane as saying that the action was filed without his knowledge or consent.

"Under such circumstances the superior court should have recognized the attorney employed by the two directors own-

ing two-thirds of the corporate stock and in actual control of the corporation's business affairs.''

There was no resolution of the board of directors employing plaintiff. Appellant states that the board of directors must be duly assembled when contracts are authorized in order to bind the corporation. In the mandamus proceeding, just cited, involving this issue, the Supreme Court stated further at page 396: ''In *Streeten* v. *Robinson,* 102 Cal. 542 [36 Pac. 946], where the vice-president, then actually managing the business of the corporation, employed an attorney without approval of the board of directors, this court held such action proper, the court saying: 'The authority of the president, or other head of a corporation, to employ an attorney when the exigencies of his company require it has been frequently recognized. (Citing cases.)' ''

As above stated, the trial court found that the parties entered into a contract whereby plaintiff was to render legal services for defendant. Appellant contends that irrespective of what was said or done by Shenberg and Goldman at the time of making the alleged contract, Shenberg and Goldman did not have authority legally to employ plaintiff as attorney for the defendant corporation. The testimony upon which the trial court found that such contract was made was in substance a recital of the same circumstances as those stated in said opinion of the Supreme Court, in the mandamus proceeding, as the basis for its decision that Shenberg and Goldman were authorized legally to employ plaintiff as attorney for the corporation. It must therefore be recognized in this case, irrespective of whether the fact is res *judicata,* that said opinion of the Supreme Court, based upon practically the identical circumstances involved herein, is directly in point as to the law applicable in the present case upon the issue concerning the authority of Shenberg and Goldman to bind the corporation.

■ Appellant claims that the amount awarded as attorney fees was excessive. The substance of the testimony concerning the legal services rendered and the reasonable value thereof has been stated hereinabove. In the case of the *City of Los Angeles* v. *The Los Angeles-Inyo Farms Co.* (1933), 134 Cal. App. 268, 274 [25 P. (2d) 224], it was stated, ''The rule is established that, in fixing the fees of attorneys, the court is vested with a wide discretion and the court's award of an amount for such fees will be disturbed only when it

is manifest that there has been a palpable abuse of such discretion.'' There was no abuse of discretion in this case.

It is to be noted that the purport of the testimony of Mr. DeGarmo was, in part, that the legal services of plaintiff were of no value because the two defendant directors were removed by the judgment of the trial court. It is to be noted further, from the Advance California Reports, that since that testimony was given the Supreme Court reversed the judgment of the trial court in that case. (*DeGarmo* v. *Goldman* (1942), 19 Cal. (2d) 755 [123 P. (2d) 1].)

By reason of the ruling herein as to the sufficiency of the evidence to support the finding of employment, it will not be necessary to discuss respondent's claim of *res judicata* or estoppel, or appellant's contention that evidence as to estoppel should not have been admitted without a pleading thereon.

The judgment is affirmed.

Schauer, P. J., and Shinn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 27, 1942.