Leon WEEKLEY (Plaintiff), Respondent,

v.

Ralph WALLACE (Defendant), Appellant.

No. 30000.

St. Louis Court of Appeals.

Missouri.

June 14, 1958.

McClintock & Medley, Flat River, for appellant.

J. O. Swink, Farmington, for respondent.

DEW, Special Commissioner.

This suit was brought to recover on an unwritten open account for labor and materials furnished. Verdict was in favor of the plaintiff in the single sum of $996.25, and stated that interest was included. The defendant has appealed.

The first item claimed by the plaintiff in his petition is $52, which, he alleges, is due him for carpenter work performed in the latter part of September and prior to October 9, 1954. The second item is the sum of $1403.62 for labor and materials furnished by the plaintiff for the defendant in the installation of certain roofing, siding and insulation against which, however, plaintiff alleges a credit is due the defendant for materials in the sum of $643.75, leaving a total balance of account due the plaintiff of $811.87. He pleads that he demanded payment of the two principal items and the interest accrued, which defendant refused to pay. In his prayer, however, he asked judgment for $863.87, with interest thereon at 6 per cent per annum from December 31, 1954.

It is apparent that the total of the two items of account pleaded in the petition is $811.87, and that the prayer for $863.87 exceeds the maximum total amount pleaded by $52, and that the verdict for $996.25, inclusive of interest, is excessive as to both principal and interest.

There was voluminous testimony regarding the dealings and accounts between the parties. Plaintiff's father had handled certain projects in Flat River, Missouri, for the defendant on a salary and commission basis. Defendant contended that the plaintiff and his father were partners and that their accounts were one and the same; that certain charges against plaintiff's father were chargeable against the plaintiff's account as well. Plaintiff denied that he and his father were partners and asserted that their accounts were separate and independent. There was substantial evidence to support plaintiff's two items of principal sums pleaded, a total of $811.87.

As to the demand for payment pleaded in plaintiff's petition and on which he relies for his right to recover interest, the record is not so clear. Section 408.020 RSMo 1949, V.A.M.S., allows the creditor to collect interest on unwritten accounts "after they become due and demand of payment is made." On such an account the verdict need not separately state the amount of interest allowed. Mueller v. National Hay & Milling Co., Mo.App., 243 S.W. 420; McMonigal v. North Kansas City Development Co., 233 Mo.App. 1040, 129 S.W.2d 75, 84. But a demand is essential to the right to recover interest on such accounts. Wolff v. Matthews, 98 Mo. 246, 11 S.W. 563; Southgate v. Atlantic & P. R. Co., 61 Mo. 89; Fay & Egan Co. v. Brown Machinery Co., Mo.App., 14 S.W.2d 491. The demand need be in no certain form, but must be definite as to amount and time. McClellan v. City of St. Louis, Mo.App., 170 S.W.2d 131, 134. In the absence of such a demand for payment of an unwritten account, the filing of the suit substitutes for the previous demand, and starts the interest-bearing period, to be computed as of the date of the verdict. Evans v. Western Brass Mfg. Co., 118 Mo. 548, 24 S.W. 175; Thompson v. School Dist. No. 4, 71 Mo. 495. Rulings made in cases involving written accounts or contracts are not applicable.

Plaintiff's evidence touching the matter of demand in this case is that the plaintiff usually sent in a report to the defendant at the close of a job; that a day or so after Christmas, 1954, he and his father went to Carbondale, Illinois, to "settle up" with the defendant; that the defendant proposed that he (defendant) prepare a summary of the accounts as he understood them; that this was not objected to, and on December 31, 1954, defendant sent to plaintiff's father a letter enclosing a statement of account with plaintiff's father, showing a balance due the latter of $61.25, for which defendant enclosed a check. The letter requested plaintiff's father to check the statement for correctness and suggested a meeting the

following week to discuss the matter. Plaintiff's father later cashed the check. Plaintiff recognized several items in the statement which he claimed were due him and not to his father. He "discussed" these matters with his father and again with the defendant. Defendant testified that plaintiff never demanded any amount, and that the first knowledge he (defendant) had of the claim was when he was summoned in this action.

■ The defendant's first point of error is as follows: "The Court erred in failing to grant defendant a new trial on the grounds that the verdict is against the weight of the evidence, not supported by the evidence and was the result of bias, prejudice and passion on the part of the jury." As we have stated, there was substantial evidence to support the two items sued for in plaintiff's petition. As to the weight of the evidence and its effect on the jury as to bias, prejudice and passion, these are discretionary matters and the ruling of the trial court respecting them will not be disturbed in the absence of a showing of an abuse of discretion. Dawson v. Scherff, Mo., 281 S.W.2d 825. We find no abuse of discretion in the ruling and overrule the point.

■ The defendant's second point is "The Court erred in giving Instruction number one for the reason that it did not correctly state the law applicable to the case and was misleading." This point wholly fails to conform to Supreme Court Rule 1.08, 42 V.A.M.S., which requires a point of error on appeal to "briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed." The point, as stated, presents nothing for our review under the rule. Ambrose v. M.F.A. Co-Operative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647; Evinger v. Thompson, 364 Mo. 658, 265 S.W.2d 726, 736.

■ Defendant's Point 3 is "The Court erred in not granting a new trial on the ground that the verdict is not responsive to Instruction number two, authorizing the jury to award interest. That instruction was as follows: "The Court instructs the jury that if you find for the plaintiff and against the defendant that you may add interest to such sums as you may find he is entitled to at the rate of 6% per annum from the date of demand, if you find demand was made by plaintiff, after such sum or sums became due." Defendant claims that, disregarding his contention that there was no evidence of any demand made, the verdict should state the date of the demand, and separately state the amount of interest found due. As we have stated, a separate statement of interest awarded is not required in the verdict in this kind of a case. Mueller v. National Hay & Milling Co., supra. We hold, however, that the evidence in this case fails to establish sufficiently the making of a demand for payment of plaintiff's claims such as required by Section 408.020 RSMo 1949, V.A.M.S., to authorize recovery of interest on an unwritten account prior to the suit. The lawful interest-bearing period in this case began August 4, 1956, the date this suit was filed, and was computable as of the date of the verdict, June 27, 1957.

■■ Defendant's fourth and last point of error is, "The Court erred in failing to properly limit the closing argument of plaintiff's counsel and in failing to reprimand plaintiff's counsel for improper argument." Likewise, this point fails to conform to Rule 1.08 because it does not state what actions or rulings of the Court are claimed to be erroneous and wherein it is claimed they are erroneous. The point was included in and overruled by the trial court in disposing of the motion for a new trial. Furthermore, an order refusing (or granting) a new trial on the ground that the Court erred in failing to reprimand counsel in his argument to the jury is a discretionary order and will not be disturbed on ap-

peal in the absence of a showing of abuse of discretion. No such showing of abuse appears in the record of the instant case. Collins v. Cowger, Mo., 283 S.W.2d 554; Snell v. Overfelt, Mo.App., 307 S.W.2d 716.

To the extent of $811.87 principal and an allowance of $43.49 for interest thereon at 6 per cent per annum from August 4, 1956, to June 27, 1957, the verdict of the jury is valid. Such should have been the verdict upon a finding of the issues for the plaintiff, and such should have been the judgment rendered thereon. The above maximum amount of the principal sum and the lawful interest thereon are both included in the verdict rendered by the jury; they are definitely limited by the pleading and by the law, and all of the verdict in excess thereof should be deducted from the judgment. The error may be cured by remittitur. Robinson v. Chicago, R. I. & P. Ry. Co., Mo.App., 288 S.W. 113; Mercantile Trust Co. v. Dulle, Mo., 282 S.W. 414. If, within ten days after this opinion is filed, the plaintiff will remit from said judgment all in excess of the principal sum of $811.87 and interest thereon of $43.49, total $855.36, the judgment will, after such remittitur, be affirmed; otherwise, the said judgment is reversed and the cause remanded for retrial in accordance with this opinion. The Special Commissioner recommends that such be the opinion of the court in this case.

PER CURIAM.

The foregoing opinion of DEW, Special Commissioner, is adopted as the opinion of the Court and if, within ten days after this opinion is filed, the plaintiff will remit from said judgment all in excess of the principal sum of $811.87, and interest thereon of $43.49, total $855.36, the judgment, after such remittitur, will be affirmed; otherwise, the judgment is reversed and the cause re-

manded for retrial in accordance with this opinion.

RUDDY, P. J., ANDERSON, J., and JAMES D. CLEMENS, Special Judge, concur.