RICHARD A. WELLS AND GEORGE B. WINSTON, Defendants in Error, v. THE PACIFIC RAILROAD, Plaintiff in error.

*Prăctice—Pleading—Promise.*—A petition for the value of services rendered, must state a promise of defendant to pay, or facts from which the law will imply a promise. An averment that the services were rendered at the request of an agent of defendant, is not an averment that they were render ed at the request of the defendant.

### Error to Cole Circuit Court.

*Welsh* and *E. B. Ewing*, for plaintiff in error.

The petition is defective; and the judgment should therefore have been arrested. It alleges that "plaintiffs were called on as physicians, by the agent of said company, to attend to the said employees so injured; that at the instance and request of the agent of defendant, plaintiffs rendered their services as physicians to said persons," &c.

This averment shows no cause of action against defendant; if true, no liability arises from it. The agents of the company have no authority, as such, to bind the company by any contracts they may enter into with physicians to attend upon wounded employees or others; no such power is incident to their employment, or their relation to their employer. A liability could only result from a special authority, and this is not averred in the petition. It is nowhere averred that the

Trigg v. Ross.

agent of the company had authority to employ plaintiffs, or that there was a ratification of his act by the company.   .

BATES, Judge, delivered the opinion of the court.

The petition in the case states that one William Miller, and two other persons who were then employed as agents and servants of defendant, were injured by a collision on the road of defendant, and plaintiffs were called upon as physicians by the agent of said company to attend to the said employees so injured; that, at the instance and request of the agent of defendant, plaintiffs rendered their services as phy-. sicians to said persons injured, and for which plaintiffs say that defendant owes them.

There was judgment for plaintiffs. The judgment must be reversed. The petition is defective in that it does not allege any promise by the defendant, or any fact from which the law would imply a promise. The allegation that the services were rendered at the instance and request of the agent of the defendant, is not an averment that they were rendered at the instance and request of the defendant itself. The defendant was not liable for the personal expenses of its servants or employees, unless such liability was assumed by contract; and if such contract shall have been made by a supposed agent of the defendant, the authority (special or general) of the agent must be proved as in any other case.

Judgment reversed and cause remanded.   Judge Dryden concurs; Judge Bay absent.