## ANN E. LULL

### *v.*

## FRED. KORF.

1. BUILDING CONTRACT—*architect's certificate.* Where payments are to be made for work on the certificate of two architects, who are partners, and the certificate is signed by one in the firm name, this will be sufficient to justify a recovery of the payments where no objection is made to the certificate, but payment is refused on the ground of delay in completing the work.

2. SAME—*when party precluded from urging defects.* Where work on a building is done under the supervision of architects chosen by the parties to the contract, the owner of the building can not be allowed to urge defects in the work. The decision of the architects must be final and conclusive, unless it be shown their certificate is the offspring of fraud or mistake connected with the issuing or obtaining of the same.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JOHN WOODBRIDGE, for the appellant.

Mr. F. S. MOFFETT, and Mr. A. D. CARTER, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was a proceeding in the Superior Court of Cook county, to enforce a mechanic's lien, instituted by Fred. Korf, plaintiff, and against Ann E. Lull, defendant, resulting in a decree for the plaintiff for eight hundred and forty-seven dollars.

The defendant has appealed, and seeks a reversal mainly on the ground of a non-compliance with the contract, in this, that the payments were to be made on the certificates of the architects, F. W. Copeland and F. O. Weony, and such certificates were not furnished. These persons were partners, and the names were signed to the certificate by one of them, Copeland, and when presented to appellant that was known to be the fact, but no objection was made thereto, the only claim or objection to payment then being, delay in the completion of the work. Had this objection been then made, it would have been a matter of no difficulty to procure the signature of Weony, for he testifies he considered the work done according to the contract, and, furthermore, he ratified and adopted the act of Copeland as his own, thereby in fact making the certificate his own, to all intents and purposes. If appellant was dissatisfied with the certificate when presented, she should then have made the objection, so that the objection might be removed. She only claimed a deduction for the delay in completing the work, for which she has been allowed in this decree, by the refusal of the court to allow plaintiff interest to which he was clearly entitled.

The other points made and discussed so elaborately by appellant, have been fully considered and settled when the case was before us at the Sept. T., 1873, (70 Ill. 420,) wherein the merits were fully considered, and found in appellee's favor. There is nothing in this record changing the features of this case, and we have no desire to retraverse the ground therein taken. It is in vain to allege defects in the work, when the whole work was done under the eyes of architects chosen by appellant. Their decision must be final and binding, and their certificate conclusive, unless it be shown such certificate is the offspring

of fraud or mistake connected with the issuing or the obtaining of such certificate.

We see nothing in this record requiring us to change the views we expressed when the case was before us at a former term.

The decree of the Superior Court is affirmed.

*Decree affirmed.*