Maupin v. The Virginia Lead Mining Company.

---

MAUPIN v. THE VIRGINIA LEAD MINING COMPANY, *Plaintiff in Error.*

1. **Corporations:** EMPLOYMENT OF ATTORNEY BY SUBORDINATE OFFICERS. A corporation is not liable for the value of services performed for it by an attorney at law by reason, merely, of his employment by a subordinate officer or agent, to whom no delegation of authority to employ an attorney is shown.

2. **Practice:** INSTRUCTION. Evidence tending to support a valid defense furnishes a sufficient basis for an instruction applicable to such defense.

3. **In Attachment Suits,** judgments should be general, where the defendant appears and defends. A judgment in favor of the plaintiff in such a suit, to be satisfied by sale of the property attached at the commencement of the action, where the defendant appeared and defended; *Held,* to be erroneous; the judgment, if plaintiff were entitled to any, should have been general.

*Error to Gasconade Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

This was a suit by attachment upon an account for services rendered by the plaintiff, as attorney at law, and expenditures made by him in connection with such services. The instruction asked by the defendant and refused by the court, and commented upon in the opinion, was as follows: "If the jury believe from the evidence that the plaintiff rendered the services and paid the expense claimed by him, in consideration that F. A. and N. Sands should endeavor to sell certain mining properties of plaintiff and one Locke in London, and that said Sands faithfully endeavored to sell said mining properties, then the plaintiff has been fully paid, and the verdict will be for the defendant." There was a verdict and judgment for the plaintiff in the amount claimed " and that the property and real estate attached at the commencement of this suit    *    *    be sold to satisfy and discharge the judgment rendered, and that a special execution issue herein."

*Chas. A. Winslow* for plaintiff in error.

*L. F. Parker* and *Smith & Krauthoff* for defendant in error.

*On Rehearing.*

SHERWOOD, J.—A glance at this voluminous mass of ill-assorted papers, called by the courtesy a record, shows this ·cause, though tried in Gasconade, originated in Franklin county. Objections which were thought to exist, and which, if valid, would well have warranted a reversal of the judgment, under a more careful examination of the record, have disappeared. Our attention will, therefore, be directed to the merits of the cause in order to discover if any error, materially affecting the merits of the action, occurred during the progress of the trial.

## I.

The instruction given on behalf of the plaintiff, was in these words: "The court instructs the jury that if they find from the evidence that the plaintiff performed the services set out in the account sued upon, or any part of the same, for the defendant, at the instance of its officers and agents, then they will find for the plaintiff in such sum as those of the services, as were so rendered, were reasonably worth, not to exceed $3,663.35, with interest from January 3rd, 1877, at six per .cent." Under the rulings of this court,. the managing and other head officers of a corporation, without a formal resolution of the board to that effect, can employ counsel to prosecute or defend suits for the corporation.. *Western Bank of Mo. v. Gilstrap,* 45 Mo. 419; *Turner v. Railroad Co.,* 61 Mo. 501; *Southgate v. Railroad Co.,* 61 Mo. 89; *Thompson v. School Dist.,* 71 Mo. 495. But this court,. and we presume no other court, has ever gone so far as to hold that any officer or agent of a corporation, however humble. his station and limited his powers, without any delegation of authority to that effect, could bind the corporation with which he is connected by employing an attorney in behalf of such corporation. And yet this instruction goes to that extent, and is, of consequence, erroneous. Under it, no matter what the station of the officer or agent, no matter whether he had any authority to that effect or not, he could bind the. corporation. Under such an instruction the authority of the officer or agent would necessarily be assumed, and so the jury must have understood it. Our views as to the propriety of this instruction find full support in the case of *Wells v. Railroad Co.,* 35 Mo. 164.

## II.

Error was also committed in refusing the instruction asked on behalf of the defendant. The theory of the defense, as set up in the answer, was in substance that the services of the plaintiff were rendered in behalf of Francis

A. and Nathan Sands, and outside of the corporate business in certain individual speculations, and were to be fully compensated by similar services on the part of Sands and Sands. There was a tendency in the evidence offered by plaintiff himself, to support this defense. It is not necessary to determine whether this evidence would outweigh other evidence offered by plaintiff; it is only necessary to say it furnished a basis for the instruction asked, and, therefore, that it should have been given, for, as it was, all that evidence, and the proper inferences deducible therefrom, were practically withdrawn from the consideration of the jury.

### III.

Moreover, the judgment in this cause, the defendant appearing and defending the action, should have been a general one, conceding, of course, that the steps prior thereto were such as we could sanction. This alone would be sufficient ground for reversing the judgment regardless of other considerations. Therefore, judgment reversed and cause remanded. All concur.