STILLWELL, *Plaintiff in Error*, v. HAMM *et al.*

1. **Pleadings, Construction of.** Pleadings, under the code, should not be construed most strongly against [the pleader. Their language should be taken in its plain and ordinary meaning, and such an interpretation given it as fairly appears to have been intended by its author.

2. **Trusts and Trustees:** NOTE TO FATHER IN NAME OF SON. Where a father makes a loan of money, but the note given for it is, by the consent of his son, made to the latter, the son is the trustee of an express trust for his father, and while he might maintain an action in his own name in that capacity, the father would, in equity at least, be regarded as the owner of the claim evidenced by the note.

3. **Contract in Writing:** PLEADING: PRESUMPTION. Where the law requires a contract to be made in a particular manner, an allegation that it was made will be held to imply that it was made in lawful form.

4. **Mortgage:** POSSESSION BY MORTGAGEOR: DISCHARGE OF DEBT: RESTORATION. Where there is a valid agreement to hold the legal title to property as security for a debt, and the mortgagee takes possession for condition broken, and receives rents and profits on account of his demand until it is discharged, the mortgageor is entitled to be restored to possession, the date of the discharge of the debt being within the statutory period of limitation.

5. **Practice:** PLEADING : BILL TO REDEEM. A bill to redeem is not objectionable because other relief is asked which is germane to the case made, and such relief may be given against each of several defendants, occupying different attitudes toward the subject of the action, as his position warrants.

6. —— : —— : ——. Any person may be joined as defendant in a suit to redeem who claims an interest in the subject-matter adverse to the plaintiff.

*Error to Platte Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED AND REMANDED.

| | |
|---|---|
| 97 | 579 |
| 40a | 223 |
| 97 | 579 |
| 42a | 360 |
| 42a | 441 |
| 43a | 242 |
| 97 | 579 |
| 45a | 27 |
| 47a | 534 |
| 97 | 579 |
| 57a | 329 |
| 97 | 579 |
| 64a | 334 |
| 64a | 638 |
| 97 | 579 |
| 67a | 154 |
| 97 | 579 |
| 143 | 79 |
| 97 | 579 |
| 83a | 29 |

*Samuel Hardwicke* and *James M. Carpenter* for plaintiff in error.

(1) A careful reading of the petition will show first, that there is but one cause of action—a "bill to redeem." (2) That this cause of action is not barred by the statute of limitations; because it accrued on the first of January, 1882, and suit was instituted on the fifth of October, 1885. (3) That the other parties, Bonifant, etc., are only made parties because the statute requires that they shall be made parties—as they claim an interest—so that their rights, if any, may be determined. The ground on which the court sustains this demurrer was the fifth cause set out in it, the statute of frauds. That question is fully settled in the case of *O'Neil v. Capelle*, 62 Mo. 202. The sixth and last ground of the demurrer has no foundation—in fact—it says: "There is no allegation that said plaintiff offered to carry out said agreement." The petition alleges that the plaintiff had fully performed the agreement, and now that the debt is fully paid, asked that the land be restored to him, as it should be.

*Jas. W. Coburn* for defendants in error.

(1) No cause of action is stated. It is not alleged that Jacob Hamm owned the note, mortgage and judgment, or that he, or any of the defendants, purchased the land under the foreclosure. (2) The alleged agreement was verbal and within the statute of frauds. 1 Jones Mort. Real Prop. [3 Ed.] secs. 323, 331, 332; *Howland v. Blake*, 97 U. S. 624; *Levy v. Brush*, 45 N. Y. 539; *Richardson v. Johnsen*, 41 Wis. 100; *Wilson v. McDowell*, 73 Ill. 514; *Stephenson v. Thompson*, 13 Ill. 136; *Perry v. McHenry*, 13 Ill. 227; *McClintock v. McClintock*, 3 Brewst. [Penn.] 76. (3) The agreement

was a conditional sale. *Slowey v. McMurray*, 27 Mo. 113 ; *Turner v. Kerr*, 44 Mo. 429 ; *McNamara v. Culver*, 22 Kas. 661 ; *Price's Heirs v. Evans*, 26 Mo. 30 ; *Mansur v. Williard*, 57 Mo. 347. (4) The agreement was made in January, 1875, and action brought in October, 1885. The statute of limitations is a bar. *Hunter v. Hunter*, 50 Mo. 445 ; *Rogers v. Brown*, 61 Mo. 187. (5) The discrepancy of twenty dollars between the execution and the judgment did not render void either the execution or sale thereunder. It was known and waived by the execution defendant. Freeman on Ex., sec. 43 ; *Ellis v. Jones*, 51 Mo. 181 ; *Davis v. Kline*, 76 Mo. 310 ; *Lewis v. Morrow*, 89 Mo. 174 ; *Tatum v. Holladay*, 59 Mo. 422. (6) Several causes of action were improperly united in the petition, and in the same count. R. S., 1879, sec. 3512, and note *b*. (7) The several causes of action affected the defendants differently, and different judgments were asked as to them. R. S., 1879, sec. 3512, and note *b ;* *Doan v. Holly*, 25 Mo. 257 ; s. c., 26 Mo. 186 ; *Robinson v. Rice*, 20 Mo. 229. (8) So far as the suit was intended to quiet title, or to remove a cloud on title, it was improperly brought. R. S., 1879, sec. 3562.

BARCLAY, J.—This case presents for consideration a judgment rendered by the trial court upon demurrer to a petition. The questions involved will best appear from the language of the pleadings.

"AMENDED PETITION.

"Dixon Stillwell, Plaintiff,

vs.

"Jacob S. Hamm, Jacob Hamm, Adam Durkes and

"Benj. Bonifant, Defendants.

In the Circuit Court of Platte County, Missouri.

"Plantiff states that on the twenty-sixth day of August, 1870, he was the owner, by fee-simple title, of

the following described lands, lying and being situate in the county of Platte in the state of Missouri, viz: The west half of the southwest quarter of section two (2), in township fifty-three (53), in range thirty-six (36), containing eighty acres more or less.

"Plaintiff states that said land was at said time and ever since has been worth the sum of three thousand dollars.

"That said land was the homestead whereon lived this plaintiff with his family, consisting in part of himself and his wife, Susan Stillwell.

"Plaintiff states that on the twenty-sixth day of August, 1870, this plaintiff borrowed of defendant Jacob Hamm, the sum of two hundred dollars.

"Plaintiff states that when the negotiations were made for said loan with Jacob Hamm, at the request of said Jacob Hamm, this defendant signed a note to Jacob S. Hamm, defendant herein, who is a son of said Jacob Hamm. Plaintiff states that said note was given for said sum of two hundred dollars, and was made payable one year after date, and bearing ten per cent. per annum interest from due; said interest, if not paid at the end of each year, to become as principal and bear the same rate of interest.

"Plaintiff states that, at the request of said Jacob Hamm, he gave a mortgage on said land above described to secure said note, the same that is recorded in Deed Book W., on page 315 of the records of Platte county, Missouri.

"Plaintiff states that said Jacob Hamm, after forfeiture of said mortgage, procured that the same be foreclosed in the name of his said son, Jacob S. Hamm; said suit was instituted in the Weston court of common pleas, in which said suit a judgment was obtained by said Jacob Hamm, in the name of his said son, Jacob S. Hamm, against this plaintiff for the sum of two hundred and seventy-six dollars at the spring term of said

Weston court of common pleas, A. D. 1874, on the eleventh day of March, 1874.

"Plaintiff states that after said time said Jacob Hamm caused an execution to be issued purporting to be issued on a judgment for the sum of two hundred and ninety-six dollars, whereas, in fact, no such judgment existed.

"Plaintiff states that on objections being made by this plaintiff to such sale the said Jacob Hamm entered into an agreement with plaintiff as follows :

"First. That said Hamm (Jacob) on his part should purchase said land at such pretended sale, and that the conveyance made pursuant to said sale should be held as a mortgage to secure the debt due from this plaintiff to said Hamm, viz. : The said sum of two hundred and seventy-six dollars and interest on the same from the date of said judgment, viz., the eleventh day of March, 1874.

"Second. That this plaintiff should have one year's time in which to pay said debt, provided this plaintiff would pay the costs of said foreclosure suit in said Weston court of common pleas.

"Plaintiff states that pursuant to said agreement he paid said costs ; but when said debt became due he was unable to pay the same according to said agreement.

"Plaintiff states that upon his failure to pay said debt and the interest thereon, the said Hamm afterwards, viz., on the —— day of January, 1876, took possession of said land and proceeded to collect all rents and profits of same, and has collected the same to this date.

"Plaintiff states that on the first day of January, 1882, said rents so collected by said Hamm were sufficient to pay said debt and interest and all necessary improvements and the taxes on said land, and that this plaintiff is now entitled to have the possession of the same.

"Plaintiff states that defendant Jacob S. Hamm still claims to have some interest in said land, wherefore he is made a defendant herein that his rights, if any, may be determined.

"Plaintiff states that defendants Adam Durkes and Benjamin Bonifant claim to have some interest in said land, but said Bonifant and Durkes have at all times had full knowledge and notice of the rights and interests of this plaintiff, and that any interest they may claim to have was taken subject to the rights and interests of this plaintiff.

"Wherefore, the plaintiff prays the court to cause said Jacob Hamm to render strict account of all rents and profits derived from said land, to ascertain and declare that said debt from this plaintiff to said Jacob Hamm has been fully satisfied and paid off, and that the court will render their decree divesting defendants of all title and claim to said land, and vesting all title to the same in plaintiff, and that the court will grant all other proper or different relief."

The demurrer was as follows:

"Now come the defendants and demur the amended petition of plaintiff herein for the following reasons:

"First. That the petition does not state facts sufficient to constitute a cause of action.

"Second. That the statute of limitations is a bar to this action.

"Third. Several causes of action have been improperly united, viz., to declare the deed under foreclosure to be a mortgage—to quiet title—for an accounting of rents and profits—and to divest defendants of title.

"Fourth. The causes of action are different as to the different defendants—to quiet title as to Bonifant, Durkes and Jacob S. Hamm—an accounting against Jacob Hamm—and to set aside deeds as to all the defendants.

"Fifth. The alleged agreement between plaintiff and Jacob Hamm, that the marshall's deed under foreclosure should be held a mortgage, is not in writing as required by the statute of frauds.

"Sixth. There is no allegation that said plaintiff offered to carry out said agreement."

The demurrer was sustained. Plaintiff brings that ruling here for review by writ of error.

Before considering the points at which the petition is said to exhibit fatal weakness, it may be well to recur briefly to the principles of construction by which it should be judged. The code of practice now in force was intended to accomplish a reform in the system by which civil rights were asserted and wrongs redressed in courts of law. A radical change in the forms of pleading was a corner-stone in the proposed reform. Without attempting a comparison of the former and present systems, or a statement of the reasons for replacing the old with the new, it will be sufficient at this time to remark that the existing code undertakes, among other things, to establish certain rules to determine the sufficiency of pleadings and for their construction. It requires "a plain and concise statement of the facts constituting a cause of action" ( R. S. sec. 3511 ), and that "only the substantive facts necessary to constitute " it shall be stated. R. S. sec. 3527. It declares it the duty of the court "to distinguish between form and subtance " ( R. S. sec. 3586 ), to " disregard any defect in the pleadings which shall not affect the substantial rights of the adverse party" ( R. S. sec. 3569 ), and provides that "in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties." R. S. sec. 3546. To fully effectuate the objects contemplated in the adoption of the code, it is essential that the courts keep in mind these principles, and apply them to particular cases in a

spirit entirely in accord with the intent of this legislation. It is evident that a pleading should not now be construed most strongly against the pleader. Its language should be taken in its plain and ordinary meaning and such an interpretation given it as fairly appears to have been intended by its author.

In the case at bar, we are to determine whether the objections stated in the demurrer to the petition are well taken, in view of these principles of construction. It is urged that the making of the note for the original loan to Jacob S. Hamm gave the latter the legal ownership of, and right to enforce the demand created thereby. But we think it sufficiently appears that merely his name is used in the transaction by his father with his consent. On the facts alleged, Jacob S. was the trustee of an express trust for his father, and while he might maintain an action in his own name in that capacity ( R. S. sec. 3463 ), the father would still be regarded, in equity at least, as the owner of the claim evidenced by the note.

From the petition it does not appear whether or not there was a sale under the execution, or whether the agreement, in anticipation of the sale, was in writing or not. Without determining whether ( on the facts here stated ) such a contract need be so made, it is enough to say that if a writing were necessary it would be assumed that the alleged agreement was in writing. Where the law requires a contract to be made in a particular manner, an allegation that it was made will be held to imply that it was made in lawful form. It is also immaterial whether or not there was, in fact, a sale under the execution.

Assuming, then, as valid the agreement to hold the legal title as security for the debt due by plaintiff, and that the mortgagee took possession of the property after condition broken and received the rents and profits on account of his demand until it was discharged ( as

alleged ), then the plaintiff's right to be restored to pos-, session did not accrue until such discharge. That occurred in January, 1882 (according to the petition ), and hence within the statutory period of limitation.

Nor is there a misjoinder of causes of action. The petition is, in the main, a bill to redeem. The other relief prayed is merely incidental, but yet germane to the scope of the case made. The several defendants occupy different attitudes toward the subject of the action, and such relief is asked, and may be given against each as his position warrants. The defendants Durkes and Bonifant were proper parties in view of the facts alleged, for any person may be joined as defendant who claims an interest in the subject-matter adverse to the plaintiff in such a case. R. S. sec. 3465.

These are the only grounds of objection to the petition which appear to require remark. The demurrer should have been overruled. The judgment is reversed and the cause remanded, with directions to proceed in conformity to this opinion, all the judges concurring.