THE STATE *ex rel.* H. M. SHAW, Relator, v. H. E. BAKER *et al.*, Respondents.

St. Louis Court of Appeals, October 16, 1888.

1. **Municipal License, How Protected.** Although a license granted by a municipal corporation is a mere privilege, it is yet so far within the protection of the law, and to that extent equivalent to a contract right, that it cannot be abrogated at any time, without sufficient cause.

2. **Municipal License:** DISCRETIONARY ACT. The granting of a municipal license is in general discretionary with the corporation. But when the elements of discretionary action have become eliminated by acts of the parties, the question resolves itself into one of legal duty, which may be enforced by *mandamus*.

3. **Mandamus:** MUNICIPAL CORPORATION, LIMITED BY ITS OWN ORDINANCES. While municipal ordinances were in force, fixing the price of a dram-shop license at seventy-five dollars, and providing that "no action, prosecution, suit or proceeding pending at the time any ordinance or part of any ordinance shall be repealed, shall be affected in any way by such repeal; but any such action, prosecution, suit or proceeding shall proceed in all respects as if such ordinance or part of ordinance had not been repealed," the relator applied for a dram-shop license, and complied with all the existing regulations therefor. The corporation, before passing upon the application, adopted an ordinance fixing the price of a license at three hundred dollars, and refused to license the relator without his payment of the increased sum. *Held* that such action of the corporation was in violation of its own ordinances and of the relator's rights, and that the alternative writ of *mandamus* directing the issuing of a license to the relator at the price of seventy-five dollars, should be made peremptory.

*Original proceeding by mandamus.*

PEREMPTORY WRIT ORDERED.

*L. F. Parker*, for the relator.

By the averments of the writ every element of discretion under the ordinance is eliminated from the case,

and the ordinance, which is as much the law of the city of Rolla as the statute itself, provides that upon compliance with its provisions the council "shall order a license to be issued," and *mandamus* will lie to enforce this command. *State ex rel. v. Meyers*, 80 Mo. 601. The same principle as to the remedy is recognized in *Beck v. Jackson*, 43 Mo. 117; *State ex rel. v. Burckhartt*, 87 Mo. 533; *State ex rel. v. Pond*, 93 Mo. 606; *Amperse v. City*, 26 N. W. Rep. 222. The ordinances of the city provide that "no action, prosecution, suit, or proceeding pending at the time any ordinance or part thereof shall be repealed, shall be affected in any way by such repeal," etc. It is averred in the writ and admitted by the demurrer that the application of relator was pending, and a motion had been made and seconded to grant it, before ordinance number thirty was introduced. Whatever the rule in other states, it has always been held in this state that a license is a privilege purchased from the state and confers a right which does not exist without it, and that this "right," when once vested, cannot be affected by subsequent acts. *State v. Hawthorn*, 9 Mo. 389; *Morrow v. State*, 12 Mo. 279; *State v. Morrow*, 26 Mo. 131; *State v. Miller*, 50 Mo. 129; *State ex rel. v. Miller*, 66 Mo. 328; *City v. Guyott*, 18 Mo. 515; *City v. Noland*, 21 Mo. 394; *State v. Andrews*, 26 Mo. 172; s. c., 28 Mo. 14.

*Seay & Webb* and *A. Corse*, for the respondents.

The sale of intoxicating liquor in this state is unlawful. 10 Mo. 591. The granting of the license confers no rights, but only gives a privilege, which privilege may be revoked at any time by the same authority that gave it. The county courts in this state have always had the power to absolutely prohibit the keeping of a dramshop in their county, by refusing to grant license. It has been held that it is a matter of discretion with the county courts, and that *mandamus* will not lie to control their judgment, whatever that may be. 10 Mo. 581; *State v. Holt County Court*, 39 Mo. 521. A

city council authorized by law to grant a license, is clothed with the same power as a county court, and has the same discretion in matters of that kind. Courts never control by *mandamus* the discretion of an officer in the exercise of his duty ; they may compel him to act, but will not direct how he shall act. A license is not a contract; it confers none of the rights which cannot be revoked at the pleasure of the legislature. Tiedeman on Police Powers, 288, and authorities there cited. The granting of a license by the county court of Phelps county to the relator did not give him any additional rights to demand of the city a license. The repeal of the ordinance did not affect any "proceeding" in which the relator was interested.

ROMBAUER, P. J., delivered the opinion of the court.

The respondents move to quash the alternative writ issued herein on the ground that it states no facts which entitle the relator to the remedy he seeks.

The material facts stated in the writ, which this motion concedes to be true, are substantially as follows :

The city of Rolla is a municipal corporation. Prior to July 4, 1888, and on said date, certain ordinances were laws governing said corporation. One of said ordinances provided that the tax for a dram-shop license should be seventy-five dollars. Another of said ordinances provided that, "No action, prosecution, suit, or proceeding, pending at the time any ordinance or part of any ordinance shall be repealed, shall be affected in any way by such repeal, but any such action, prosecution, suit, or proceeding shall proceed in all respects as if such ordinance or part of ordinance had not been repealed."

The relator on the faith of these ordinances applied for a dram-shop license. As the law required that he should have a state and county license as well as one from the city, he applied for the former first, July 4, 1888, and such license was granted to him by the county

court upon execution of the statutory bond and the
payment of $282.45, July 5, 1888.   On the same day he
filed his application for a city license accompanied by
the proper bond and a tender of the seventy-five dollars
tax required by the existing ordinance.   It was there-
upon moved in the council that the license be granted
him, but while this motion was pending and undeter-
mined, the city council passed another ordinance, which
was approved by the mayor, raising the city dram-shop
tax from seventy-five dollars to three hundred dollars,
and after the approval of this ordinance the council
refused to grant a license to relator unless he paid the
three hundred dollars tax as required by the new
ordinance.

It is conceded by the written motion that the relator
is a man of good moral character, and has complied
with all the requirements of the state and municipal
law in force when he made application for the city
license.

The respondents argue that the granting of a
license confers no contract rights, but simply a privi-
lege which may be revoked at any time by the same
authority that gave it.   If this argument is intended to
convey the idea that the privilege may be abrogated at
any time without sufficient cause, then it is opposed to
the decisions in this state.   *City of Hannibal v. Guyott*,
18 Mo. 515 ; *McElhany v. McHenry*, 26 Mo. 174.

The license is certainly a mere privilege, but while
it is exercised in strict compliance with the applicatory
police regulations, it is within the protection of the
law, and to that extent at least equivalent to a contract
right.

The respondents further argue that the granting of
a license by the city council is discretionary, and this
discretion is not subject to the control of the courts.
This is unquestionably true, but the argument loses
sight of the fact that where, as here, all elements bear-
ing upon the question of discretion are eliminated from
the case, the question resolves itself into one of legal

duty, which may be enforced by *mandamus*. *State ex rel. v. Meyers*, 80 Mo. 601.

The only remaining question is whether relator's application for a license was a proceeding so as to be within the purview of the ordinance of the city of Rolla, above recited. The spirit of the ordinance, as well as fair dealing between the parties, requires that we should hold that it was such a proceeding. It is conceded that the relator made his application on the faith of existing ordinances. It is upon faith of these that he gave his bond to the state and paid $282.45 to the state and county. This money is wholly lost to him unless he can obtain a city license, as a state and county license without a similar license from the city is worthless, and we are aware of no provision of law which would enable him to recover the amount paid under the circumstances. He used due diligence in applying at once to the city authorities, who, it seems, held his application in abeyance for the very purpose of exacting a higher tax. It is not denied that the city, in the absence of any legal limitation, could exact by its ordinances even a prohibitory tax on dram-shop licenses, but there is no difference in principle between its making such increased tax applicable to a license granted in part, the application for its consummation being then pending before it, and between making it applicable to licenses in full force. It certainly will not be claimed that the latter could be done under the decisions in this state.

This disposes of all questions arising upon the record. As the parties have stipulated that final judgment may be entered on the motion, in conformity with the views of the court, it is ordered that the motion to quash the alternative writ be overruled, and that the writ against respondents be made peremptory.

Peers, J., concurs ; Thompson, J., absent.