Roy v. Boteler.

WILLIAM R. ROY, Appellant, v. W. C. BOTELER, Respondent.

Kansas City Court of Appeals, March 31, 1890.

1.   **Pleading:** BUILDING CONTRACT : ARCHITECT'S CERTIFICATE : CONDITION PRECEDENT.   A stipulation in a building contract that payment shall be made on the estimate and certificate of the architects is a condition precedent and should be pleaded, and its performance alleged and proved.   But no special statement of facts showing performance is necessary ; a general statement that the party has performed all the conditions of the contract on his part is sufficient under the statute of this state.

2.   **Building Contract:** ARCHITECT'S CERTIFICATE, SUFFICIENCY OF : EVIDENCE.   The contract required the certificate to be under the hand of the architects, and to show ( 1 ) that the whole job had been completed and accepted by the architects, ( 2 ) the final estimate by the architects of the amount due on the contract, and ( 3 ) that the work had been performed agreeable to the drawings and specifications under the direction and to the satisfaction of the architect.   The certificate showed the balance due the contractor, but nothing more.   Held, the certificate was in substance insufficient, failed to show the compliance with the contract.

3.   **Pleading :** WAIVER : EVIDENCE : ARCHITECT'S CERTIFICATE.   Under a general allegation of performance of all the conditions of a contract, evidence of a waiver of performance of such conditions is inadmissible, and the fact that an architect's certificate may have been made in a certain manner at the defendant's request cannot alter the rule ; but modifications or alterations of the contract, and a waiver or estoppel must be pleaded.

*Appeal from the Buchanan Circuit Court.* — HON. O. M. SPENCER, Judge.

AFFIRMED.

*James C. Davis* and *Vinton Pike*, for the appellant.

(1) The contract entitles plaintiff to final payment "when the whole job is completed and accepted." The petition alleges, but the court rejected our offer to prove, performance by plaintiff and acceptance by the defendant. The allegation stands admitted here. Acceptance by defendant implies performance by plaintiff of every condition precedent to a recovery, or a waiver by defendant of any unperformed condition. (2) Plaintiff's proceeding is well sustained by rules of practice. If the production of a certificate was a condition precedent, defendant could waive it, and proof of waiver sustains the allegation of performance. *Ins. Co. v. Kyle*, 11 Mo. 278–291; *Okey v. Ins. Co.*, 29 Mo. App. 110; *Travis v. Ins. Co.*, 32 Mo. App. 207, and cases cited; *Goldsmith v. Hand*, 26 Ohio St. 101–107; *Blood v. Enos*, 12 Vt. 625. Waiver in this case is a question for the jury. *Keller v. Oberreich*, 30 N. W. Rep. 524. (3) If performance has been hindered by defendant, he cannot complain of non-performance. Chitty on Contracts, 738; *Doyn v. Ebbesen*, 39 N. W. Rep. 535; *Doll v. Noble*, 22 N. E. Rep. 406; *Chism v. Schipper*, 16 Atl. Rep. 316; *Devlin v. Railroad*, 44 Barb. 87; *Camp v. Barker*, 21 Vt. 472. (4) Defendant through his agent Eckel made payments, without certificates, as the work progressed, and after its completion in excess of eighty-five per cent. When final payment was asked, if defendant gave any reason for refusing, it was not because of objection to the certificate. This brings the case within the rule of *Thomas v. Fleury*, 26 N. Y. 26–33, and *Whalen v. Boyd*, 6 Atl.

Roy v. Boteler.

Rep. 384, which hold that plaintiff in such state of case can recover without certificate. (5) The condition relied on by the defendant was contained in the contract, and not one imposed by law. Pleading performance thereof generally is sufficient. R. S. 1879, sec. 2079 ; 55 Mo. 584, and cases cited. It is when the condition is imposed by law that a general allegation is not sufficient, and performance must be specially averred. *Parks v. Heman*, 7 Mo. App. 17; *Jaccard v. Anderson*, 32 Mo. 190; Bliss, Code Plead., secs. 301, 302. (6) According to all the authorities, under the allegation of special performance upon the facts admitted here, plaintiff is entitled to recover, if the certificate had been unreasonably refused. "But when he had substantially performed his contract the architect was bound to give him the certificate, and his refusal to give it was unreasonable, and it is held that an unreasonable refusal, on the part of the architect in such a case to give the certificate, dispenses with its necessity." *Nolan v. Whitney*, 88 N. Y. 648, and cases cited. (7) But the certificate furnished in this case was substantially what the contract required. It cannot be distinguished from the one approved in *Wycoff v. Meyers*, 44 N. Y. 145. Its execution was sufficient. *Snell v. Herf*, 84 Ill. 220. Not required to state building was completed. 92. Ill. 559. (8) There is no dispute as to the extra work, and the plaintiff, in any event, was entitled to recover for that. *Thomas v. Fleury*, 26 N. Y. 30.

*B. R. Vineyard* and *Thomas & Dowe*, for the respondent.

(1) The production by appellant of each certificate required by the contract is a condition precedent. *Neenan v. Donoghue*, 50 Mo. 495 ; *Yeats v. Ballentine*, 56 Mo. 539 ; *Dinsmore v. Livingston Co.*, 60 Mo. 244 ; Law of Building and Buildings, Lloyd [1 Ed.] pp. 19, 20, 24, 25, 26, 27 and 79; *Packard v. Van Schoick*,

58 Ill. 79; *Coey v. Lehman*, 79 Ill. 173; *Downey v. O'Donnell*, 86 Ill. 49; *McAuley v. Carter*, 22 Ill. 53; *Barney v. Silas*, 11 N. E. Rep. 206. (2) A condition precedent must be pleaded and its performance averred. *Dinsmore v. Livingston Co.*, 60 Mo. 244; *Stout v. St. Louis Tribune Co.*, 52 Mo. 347; *Basye v. Ambrose*, 32 Mo. 484; *Turner v. Mellier*, 59 Mo. 535; *City of St. Louis v. Cruikshank*, 16 Mo. App. 496; 1 Chitty's Pleading, p. 320, at bottom; *Bruen v. Ogden*, 18 N. J. Law, 126. (3) There can be no recovery on a special contract if the plaintiff has himself failed to comply with its terms. *Eyerman v. Cemetery Ass'n*, 61 Mo. 491; *Lowe v. Sinklear*, 27 Mo. 310; *Austin v. Keating*, 21 Mo. App. 34. In the absence of a waiver or of an unreasonable refusal on the part of the architect, there can be no recovery on the contract in this case by appellant, without first producing the certificates required by the contract. *Yeats v. Ballentine*, 56 Mo. 539; *Dinsmore v. Livingston Co.*, 60 Mo. 244; *Coey v. Lehman*, 79 Ill. 173; *McAuley v. Carter*, 22 Ill. 53; *Packard v. Van Schoick*, 58 Ill. 79; *Barney v. Silas*, 11 N. E. Rep. 206; Law of Building and Buildings, Lloyd [1 Ed.] p. 25. (4) The architects' certificates must comply with the requirements of the contract, otherwise no action can be maintained. Law of Building and Buildings, Lloyd [1 Ed.] pp. 24, 25. *Packard v. Van Schoick*, 58 Ill. 79; *Barney v. Silas*, 11 N. E. Rep. 206; *Wycoff v. Meyers*, 44 N. Y. 143, 144 and 145. (5) The contract produced and read in evidence by appellant is not the contract he has declared upon in his petition. *Bank v. Westlake*, 21 Mo. App. 572. The petition does not state facts sufficient to constitute a cause of action against respondent on the contract produced and read in evidence. *Brecheisen v. Coffey*, 15 Mo. App. 84; *Zooker v. Arnoux*, 76 N. Y. 400; *Bruen v. Ogden*, 18 N. J. Law, 126. (6) Evidence of a waiver of the performance of a condition precedent is

Roy v. Boteler.

not admissible under an allegation of performance. *Bank v. Westlake,* 21 Mo. App. 572 ; *Nichols, Shepard & Co. v. Larkin,* 79 Mo. 271 ; *Lanitz v. King,* 93 Mo. 518 ; *Mehurin v. Stone,* 37 Ohio St. 49. (7) The facts which appellant offered to prove would not, if proved, constitute a waiver of either condition of the contract relating to the architects' certificates. *Dobbins v. Edmonds,* 18 Mo. App. 316 ; *Nichols, Shepard & Co. v. Larkin,* 79 Mo. 272 ; *Dyas v. Hanson,* 14 Mo. App. 375 ; *Crouch v. Railroad,* 22 Mo. App. 319 ; *Ehrlich v. Ins. Co.,* 88 Mo. 255 ; *Smith v. Brady,* 17 N. Y. 173. (8) Extra or additional work done under subdivision third of the contract is performed under the contract and subject to all the terms and conditions thereof. *Chism v. Schipper,* 16 Atl. Rep. 316.

SMITH, P. J.—This was a suit, brought on a builder's contract, to enforce a mechanic's lien for balance claimed to be due thereon. The petition, amongst other allegations, contained the following, to-wit :

Plaintiff complains of defendant, and for his cause of action states, that defendant is and at all times hereinafter mentioned has been the owner of a tract or parcel of land in the city of St. Joseph, county of Buchanan and state of Missouri, known and designated as lots 1, 2, 3 and 4, in block 3, in Wilson's addition to the city of St. Joseph aforesaid ; that about the eighth day of August, 1887, the plaintiff and defendant entered into a contract by written articles of agreement, whereby the plaintiff covenanted, promised and agreed to and with the defendant to make, erect and finish, in a good, substantial and workmanlike manner, on the parcel of ground above described, a large two-story, double-brick tenement dwelling house, which has since its erection been known as Dr. Boteler's flats, by furnishing all the material and doing all the work therefor, except the brick work, brick material, painting and glazing ; that

is to say, plaintiff was to do all the carpenter work and furnish the materials therefor agreeable to the drawings and specifications provided for said work, to the satisfaction and under the direction of Messrs. Eckel & Mann, or either of them, who were the architects of defendant's said building, and whose approval of plaintiff's said work was to be testified by a writing or certificate under the hand of them, or either of them, all of which plaintiff agreed to do for the sum of thirty-two hundred dollars ($3,200), which sum the defendant then and there and by 'the contract aforesaid promised and agreed to pay plaintiff, in consideration of the performance of said contract on his part thereafter to be made. And plaintiff further states that he has duly kept and performed all the promises, covenants and agreements in said contract contained, on his part, to the satisfaction and under the direction of said architects.

The answer was a general denial, at the trial, the plaintiff introduced in evidence the builder's contract, which, amongst others, contained the following provisions, to-wit:

*First.* The said party of the second part does hereby, for himself, his heirs, executors and administrators, covenant, promise and agree to and with the said party of the first part, or his executors, administrators or assigns, that W. R. Roy, the said party of the second part, or his executors or administrators, shall and will, for the consideration hereinafter mentioned, without any unnecessary delay, and as soon as ordered, so make, erect, build and finish in a good, substantial and workmanlike manner, on the vacant lot situate on northeast corner of Thirteenth and Edmond streets in St. Joseph, Missouri, a certain job of carpenters' and joiners' work for a new brick building, containing four flats, to be built by the said party of the first part on the place aforesaid, and all to be agreeable

to the drawings and specification signed by the said parties and hereunto annexed, to the satisfaction and under the direction of Eckel & Mann, to be testified by a writing or certificate under the hand of the said Eckel & Mann, and also shall and will find and provide such good, proper and sufficient materials, of all kinds whatsoever, as shall be proper and sufficient for the completing and finishing all the carpenter and joiner's work as specified and mentioned in the specifications, for the sum of thirty-two hundred dollars ($3,200). Payments to be made as the work progresses, every two weeks, on the estimate of the architects, of which eighty-five per cent. is paid to contractor; balance, fifteen per cent., to be paid with final payment when the whole job is completed and accepted; provided that in each of the said cases a certificate shall be first obtained by the said party of the second part, which certificate must be signed by the said architects, Eckel & Mann, and countersigned by the sureties. *Sixth.* Payments made on work during its progress, on account of the contract or extra work, shall in no case be construed as an acceptance of the work executed; but the contractors shall be liable to all the conditions of the contract, until the work is finished, completed and finally accepted by the architects, Eckel & Mann.

The plaintiff, to show performance, introduced the following statement, to-wit:

"ST. JOSEPH, Mo., January 15, 1888.

"Dr. W. C. Boteler bought of Wm. R. Roy, Contractor and Builder, August 8, 1887:

| | | |
|---|---:|---:|
| To contract on flats | | $3,200.00 |
| To extra on front roof, 6 pieces 2x10–20 ........................$ | 2 50 | |
| To 80 feet flooring.... ............ | 1 75 | |
| To 2½ days' labor, $7.50; nails, 25 cts. | 7 75 | 12 00 |

Roy v. Boteler.

| | | |
|---|---|---|
| To extra on main room, 1 door, lock & frame..... .............$ | 7 00 | |
| To 1 window frame, sash and casing | 7 00 | |
| To 72 feet inside base.............. | 2 88 | |
| To 14 pieces 2x4–16, $2.80; 2 pair door casings, $2.50............ | 5 30 | |
| To 4 days' work, $3.25, $13.00; nails, 50 cts...................... | 13 50 | |
| To 24 lbs. window weights........ | 32. | 36 00 |
| To extra work—changing front steps | | 5 00 |
| To paneling front vestibule, 90 hours work, at 30 cts.. ..............$ | 27 00 | |
| To nails and moulding............. | 1 00 | |
| To 200 feet clear poplar lumber, at $3.50........... ...........¹ | 7 00 | 35 00 |
| To 2 closets on back porch, 2 days' work........................$ | 6 00 | |
| To 100 feet lumber, at $3.00; locks and hinges.......... ......... | 4 00 | 10 00 |
| To 80 feet flooring No. 2 bds, $1.60; 7 feet flooring $1.90, used in wood work........... ....... | | 3 50 |
| | | $3,301 50 |

*Cr.*

| | | |
|---|---|---|
| By cash............. .............$2,860 96 | | |
| Amount paid for inside blinds...... | 90 00 | |
| Amount paid for picture moulding | 13 75 | |
| Four drain boards left out of house | 4 00 | |
| Changing sliding door to folding doors........................ | 5 00 | |
| Difference in width of back porch.. | 3 00 | 2,976 71 |
| "Balance due........ | | $324 79" |

The plaintiff then introduced, as a witness, the architect Eckel, who testified that the statement was made and certified, in the form presented, at the request of defendant, at the time the work was completed, or about completed; that the work was done under the direction and to the satisfaction of said architects, in accordance with the contract; that eighty-five per cent. was paid by defendant on the work as it progressed, on estimates made by the architects, and at the final wind up, an estimate, already alluded to, was made of the balance due; that after the house was completed it was inspected by the architect.

The defendant objected to this evidence, on the ground, (1) that the contract provided that in every case, when payment was to be made under the contract, including final payment, a certificate should first be obtained by plaintiff, signed by Eckel & Mann, and countersigned by the sureties; and (2) because the statement offered in evidence, under the hand of said architects, was not the certificate of completion required by said contract, which objections were by the court sustained, and the evidence excluded.

The plaintiff then offered to prove that two papers "B" and "C," offered in evidence, and excluded by the court, related to extra work, etc.; that the defendant refused to pay the balance due on said contract, as shown by the statements of said architects, solely on the ground that there was a charge for extra work which he disputed; that the controversy was referred to arbitrators, to whom defendant stated that the only difference between him and plaintiff was this matter of extra work about the panels in the doors; that the contract work had been completed to his entire satisfaction; that he had no objection to make to plaintiff or his work; if he had a dozen houses to build he wanted plaintiff to build them, as he liked his way of doing business; that he repeatedly stated the same thing to

other witnesses; never found any fault whatever with
the contract work; moved into the house, occupied
part of it, and has rented the other part for valuable
rental ever since contract was completed. Also, by
witness Eckel, that the job was done under the direc-
tion and to the satisfaction of said Eckel & Mann,
and in accordance with the contract; also offered to
prove every other allegation in the petition; that these
requirements made in paper "D" referred to this house;
that in conversation with plaintiff defendant referred to
these as the things he wanted done to complete his
house; that the final auditing referred to in "B" is in
the paper "A," which defendant requested, and the
same was made and certified by them in the manner
shown in the account. Defendant objected to the offer
because the evidence was not competent or relevant
under the petition and contract, which objection the
court sustained, and plaintiff duly excepted.

The court, on motion of defendant, instructed the
jury to find for the defendant, whereupon plaintiff took
a non-suit, with leave to move to set the same aside,
which was granted, and thereupon judgment was
entered accordingly, and, after an unsuccessful motion
to set the same aside, the plaintiff took his appeal
therefrom here.

I.   The procurement by the plaintiff of the certifi-
cate of the architect, required by the contract, was a
condition precedent. *Neenan v. Donoghue*, 50 Mo.
495; *Yeats v. Ballentine*, 56 Mo. 539; *Dinsmore v.
Livingston Co.*, 60 Mo. 244; Lloyd's Law of Building
and Buildings, sec. 20. This condition should be
pleaded, and its performance alleged and proved.
*Dinsmore v. Livingston Co.*, supra; *Stout v. St. Louis
Tribune Co.*, 52 Mo. 347; *Basye v. Ambrose*, 32 Mo.
484; *Turner v. Miller*, 54 Mo. 535.

The long and well-established rule, that a pleading
should be construed most strongly against the pleader,

has been judiciously abrogated in this state. The substitute for this rule is "that the language of a pleading should be taken in its plain and ordinary meaning, and such an interpretation given as fairly appears to have been intended by the author." *Stillwell v. Hamm*, 97 Mo. 579. Testing the pleading in this case, by this modern rule of interpretation, we must conclude that the conditions precedent are well enough pleaded, and the averment that the plaintiff "has duly kept and performed all the promises, covenants and agreements in said contract, on his part, to the satisfaction and under the direction of said architects," is, we think, a sufficient averment of performance under the statute. R. S., sec. 3551. No special statement of facts showing performance is necessary. The general statement, as in this case, that the party has performed all the conditions of the contract on his part, would seem to be sufficient to meet the requirements of the statute just cited. Had the pleader, in his petition, in this case, set out in *extenso* all the conditions of the contract which were necessary to entitle him to a recovery, he would thereby have greatly simplified the case and rendered it impregnable to assault, upon the grounds that have been urged against it.

II. It is contended by the plaintiff, that the trial court erred in excluding from the consideration of the jury the statement of the architects, which was introduced to show compliance with that part of the contract which required the procurement of the architect's certificate. If this statement was sufficient to meet the requirements of the contract, it was conclusive in favor of the plaintiff's right of recovery, until impeached for fraud. No other proof was necessary to enable him to recover on the contract. His whole case, the contract being admitted, was made by it. The rule that the architect's certificate, in such cases, must comply with the requirements of the contract, otherwise no action

can be maintained, seems well settled by the authorities. Mr. Lloyd, in his work on building and buildings, section 19, states that no particular form of certificate is required. He states that the following short statement will usually suffice : '

"I hereby certify that the work of J. B. has been completed to my entire satisfaction, and in conformity to the specifications and drawings, and in a substantial and efficient manner. I further certify that there is a balance of $ —— due him under said contract.

"A. L., Architect."

Any other words conveying a similar meaning will answer. This writer further remarks that, when the contract provides that the architect's certificate shall be in writing, that a want of such certificate will bar the contractor's claim. In *Wycoff v. Meyers*, 44 N. Y. 144, the certificate read :

"This is to certify that the last payment of eighteen hundred dollars is due W. & W. on your buildings, corner of G. and B. streets, as per contract.

"[Signed] E. W. & SON."

It was claimed that the certificate was not in proper form, because it did not in terms certify that "the work was completely finished." "If there was no other answer to this," said the court, "it would be a sufficient answer that the defendant did not place his objection to pay on this ground." *But the certificate was in substance all the contract required.*" In *Snell v. Herf*, 84 Ill. 225, the contract required that the architect's certificate should be signed by two architects, who were partners, when it was only signed by one. The certificate was presented to the plaintiff, who declined to pay because of the delay in the completion of the job. It was held that inasmuch as plaintiff did not, when the certificate was presented, object to it because signed by only one of the architects, so that the objection might be removed, that it was conclusive. In *Downing v.*

*O' Donnell et al.*, 92 Ill. 559, the architect's certificate, which is substantially the same as the first of the two already transcribed by us, was held sufficient, the court remarking that "the force and effect of the certificate of the architect must be determined by the contract of the parties." *Barney v. Silas*, 11 N. E. Rep. (Ill.) 206, was where the architect's certificate did not substantially meet the requirements of the contract, and the court held that the production of the certificate, required by the contract, was a condition precedent to the right to the payment of the balance under the contract.

The contract in this case required the certificate should be under the hand of the architects and to show, (1) that the whole job had been completed and accepted by the architects, (2) the final estimate by the architects of the amount due on the contract, and (3) that the work had been performed agreeable to the drawings and specifications, under the direction and to the satisfaction of the architect. It will be observed that the statement is wanting in those essentials which the contract required it should contain. It shows the balance due by plaintiff but nothing more. It was sought to supply the omissions by extrinsic evidence. These conditions were imposed by the terms of the contract. They were fundamental. They were by the agreement of the parties made conditions precedent. Their performance was exacted before the plaintiff was entitled to the contract price of any of the work. This was the law governing the relation of the parties, and made so by the terms of the agreement. The statement was not in substance the certificate required by the contract. The most liberal construction that can be placed upon it cannot make it so. The plaintiff sued on the contract, and before he could recover on it he must show compliance, or an excuse for non-compliance. He has endeavored to show compliance by the production of a

certificate, which is insufficient under the contract, and therefore upon that theory his action must fail.

III. The plaintiff's further contention is that, even if the production of the architects' certificate was a condition precedent, the defendant could waive it, and that the proof of waiver sustains the allegation of performance. It seems that this construction finds some support in the cases of *Ins. Co. v. Kyle*, 11 Mo. 278; *Okey v. Ins. Co.*, 29 Mo. App. 110; *Travis v. Ins. Co.*, 32 Mo. App. 101. The cases cited by plaintiff, and others which might have been cited, assert the doctrine for which he contends only in insurance cases. Why the rules of pleading and practice should be different in actions in insurance contracts from other actions is quite difficult to understand. The rule invoked by plaintiff seems to have so far been only made applicable to actions arising on insurance policies. Why so limited is nowhere made to appear. However this may all be, the cases cited by plaintiff can have no application to a case of this kind, or, if so, then the same are not in harmony with the last utterance of the supreme court, by which we must be governed in this case. *Lanitz v. King*, 93 Mo. 518; *Nichols, Shepard & Co. v. Larkin*, 79 Mo. 271; *First Nat. Bank v. Hatch*, 78 Mo. 24; *Peer v. Hunch*, 52 Mo. 33; *Mohney v. Reed, ante*, p. 99, decided at present term, are cases which assert a contrary view. It is not pretended that the plaintiff has pleaded a waiver by defendant of the performance of any of the conditions precedent. If the plaintiff's offer of evidence tended to show a waiver of a condition precedent of the contract, or an excuse on his part for non-performance, it was inadmissible, and properly rejected, unless the petition had alleged such waiver or excuse for non-performance, of which there is no pretense. In view of the rule as declared in *Lanitz v. King* and *Mohney v. Reed*, and the other cases to the same effect which we have cited, it is quite clear that, under the

general allegation of performance of all the conditions of a contract, evidence of waiver of performance of such conditions is inadmissible. *Mohney v. Reed, supra.*

It is contended further that as the statement which was introduced in evidence was made in that form by the architect to meet the request of defendant, it was for that reason not open to the objection made to it. This may be true; still if it was intended to prove a modification or alteration in the condition of the contract, or a waiver or estoppel, it was indispensably necessary for the plaintiff to have framed his pleading with that view so that an intelligent issue could have been made in that respect, then the proposed evidence would have no doubt been admissible. Under the state of the pleadings, the evidence offered was properly rejected, and the action of the court was unexceptionable. The judgment of the circuit court will be affirmed. All concur.