Peleger, J.
Heard on motion to make definite and certain.
The petition alleges that it furnished to the defendant a large number of metal window frames in accordance with the plans and specifications of an architect, to be used in the erection of the Pugh Power Building in this city under a written contract, which was attached to the petition as an exhibit.
(1.) The exhibit reveals a clause in the contract substantially providing that the money for these windows should be payable in installments upon the certificate of the architect certifying that the windows were furnished according to the terms of the contract. Although there is a general averment in the petition of the performance of all conditions on its part to be performed, as permitted under Section 5091, Revised Statutes, there is an omission in the body of the petition of the condition referred to in the exhibit.
The defendant filed a motion to make definite and certain this petition by having included therein the omitted clause referred to, on the ground that it is a condition precedent. It is not denied that it is a condition precedent, but it is claimed on the other hand that the statute does not require the plaintiff to set forth every condition precedent, and that the exihibit can not be examined on this motion any more than it could on a demurrer. As the amount involved is large, counsel have argued and briefed the matter with great care.
Most of the argument has been confined to the construction to be given to Judge Dempsey’s two decisions, one in the case of Lauer v. Insurance Company, 8 N. P., 117, and the other in the ease of Block v. Distilling Company, 8 N. P., 236. The rulings of the learned judge in these two cases is, briefly, that both under the common law and under our present code, all conditions precedent in a contract should be truly and properly set forth in the petition of the plaintiff, but not so with their performance. The Lauer case, involving the right to recover on an insurance policy, contained the material averments thereof but not all of the provisions of the contract. The policy was not .attached as an exhibit. The court required this to be done. At the time the motion to make definite and certain was argued, *3 the petition contained only such of the conditions precedent as the plaintiff saw fit to set up. In the case of Block v. Distilling Company, the petition alleged that “among other things it was agreed,” etc., and then followed such conditions as the plaintiff thought pertinent to the case. In both of these cases Judge Dempsey held that, merely because the defendant claimed that there were other conditions precedent, he could not force the plaintiff on a motion to make definite and certain other conditions than those which he disclosed in his petition, because the proof on the trial might develop that the plaintiff was right and that there were no other conditions precedent; that if the plaintiff falsely or carelessly omitted them in his petition he would be met with a failure of proof at the trial. There can be no doubt therefore that in both cases Judge Dempsey distinctly held that all conditions precedent should be fully, clearly and correctly pleaded.
The defendant had the right, if he could do so by the use of the interlocutory motion provided by our code, to compel plaintiff to simplify his petition and put it into such form as to make it fairly and properly the object of a demurrer if insufficient in law, rather than to 'wait for a trial on the merits. This was also his privilege at common law. The old forms of actions were the main instruments in determining the rights of parties, and caused the loss of many meritorious claims mérely because the opposing counsel was more adroit in the .framing of his pleadings and drove his adversary into false or unprofitable issues. To obviate this injustice our code utilized pleadings as the mere vehicle to the just determination of an action upon its merits, and permitted the court even after a verdict to conform pleadings to the proven facts. This abbreviation and simplification of pleadings was not intended, however, to permit the pleader to conceal any weakness in his case which he ought in all fairness reveal. If he sues upon a written contract, there is no reason why he should not set forth all his conditions precedent, no matter how numerous, because he agreed to perform all of them at the time he entered into his contract. He may, however, primarily set forth only such as he thinks pertinent to the issue and must attach his entire contract as an ex- *4 Mbit. The defendant may admit that all the conditions precedent in the contract were performed. In that event the necessity of such allegation in the petition is obviated. If-the defendant however, claims that all these conditions precedent in the contract were not performed by the plaintiff he has the right (inasmuch as the burden at .the trial is on the plaintiff to show compliance therewith or an excuse therefor) to compel the plaintiff to set them out in his petition and for that purpose he may examine the exhibit embodying the whole, contract.
The object of Section 5085,- Revised Statutes, requiring evidences of debt for the payment of money to be attached to and filed' with the pleading, is as Judge Grholson said in 2 Handy, 165, a substitute for oyer under the former practice, to compel the opposite party to give in advance copies of those instruments on which the action was founded and which he might have been required to produce under the former practice act. This is one reason why the exhibit not being a part of the petition can not be looked to on demurrer. That does not hold true of a motion to make definite and certain.
Insurance Company v. McCorkey, 33 O. S., 355, was an action brought on an insurance policy which provided that notice of loss should be given forthwith. The court said, page 561:
“The giving of notice of the fire to the company being a condition precedent to be performed by the insured must be averred;’ but under Section 121 of the original code in pleading the performance of conditions precedent in a contract, it is sufficient to state that the party duly performed all the conditions on his part.17
In Ashley v. Henahan, 56 O. S., 559-570, it was held in a case similar to the one at bar that a clause in a building contract that before payment is made the architect must certify that the work was done to his satisfaction, is a condition precedent and that the plaintiff can not recover unless he shows substantial performance therewith or that the architect had fraudulently or unreasonably refused such certificate. Kinkead’s Code Plead *5 ing, Vol. 1, p. 407; Weeks v. O’Brien, 141 N. Y., 203; Mehurin v. Stone, 37 O. S., 49; Moody v. Ins. Co., 52 O. S., 12.
The procurement by the plaintiff of the certificate of the architect required by the contract was a condition precedent. * * an(j this condition should be pleaded and its performance alleged and .proved. Roy v. Boteler, 40 Mo. App., 223; Swan’s Code Pleading, 516.
Although in Grand Rapids Fire Ins. Co. v. Finn, 60 O. S., 513, it was determined that no action was sustainable on a policy until a compliance of the assured with an appraisal as provided by the policy, and this clause was termed a condition subsequent, our Supreme Court, since the case at bar was submitted, overruled this case on January 23 last in the case of Graham v. German American Ins. Co., and held that this was a condition precedent, and in the absence of an award or a demand therefor no cause of action was shown, and that the burden of proof was on the plaintiff to show that he has performed such condition.
Plaintiff offers several authorities to sustain his contention.
The case of Vail v. Penna. Fire Ins. Co., 67 N. J. L., 422, deciding that the plaintiff is not required to recite the conditions themselves, but may aver performance generally, placing the.burden upon the defendant to specify what conditions he intends to contest, is based upon a peculiar statute of New Jersey permitting this to be done. On page 425 the court -said:
“It may be remarked in passing that under Section 326 the defendant must specially plead non-performance of a condition precedent. ’ ’
In Penrose v. Ins. Co., 66 Fed. Rep., 253, the court incidentally remarked that there might be an issue as to whether the exhibit was a copy of the contract sued on. It was not held, however, that the issue must be made by answer. The main .question determined was that, the exhibit cotdd not be considered on demurrer.
It is evident from what has preceded that the motion to make the petition definite and certain by requiring the plaintiff to specifically allege that the architects furnished the certificate *6 required by the contract, or make suitable allegations as an excuse therefor, should be granted.
(2.) The petition also alleges that contemporaneously with the entering into of this contract a complete sample window was furnished to the defendant and that said contract was entered into and made with reference to said sample, and that the same was described in the contract by apt expressions. The other allegations in the petition set forth substantially the terms of the contract, showing that the window purchased was minutely and particularly described in the written contract. No reference therein is made to a sample.' The defendant moved to strike this paragraph out of the petition because it is inconsistent with the written contract and is practically setting forth evidence to vary the terms of a written instrument, and also to strike out the interrogatories addressed to the defendant, based on this sample window, on the ground that they are irrelevant and not pertinent to the issue.
A number of authorities are cited by plaintiff’s counsel claiming that inasmuch as Mehurin v. Stone, 37 O. S., 49, determined that before a party could offer his evidence or have it considered as a matter of legal right, he should make the issue in the pleadings, therefore he might be precluded from offering this sample window at the trial. The necessity of thus setting it out does not establish the relevancy of the subject-matter to the maiii issue. It is urged that the evidence would be admissible because it merely tended to apply the writing to the subject-matter and showed the situation of the parties. The cases cited, however, are only applicable to the exceptions to the general rule, such as where there are latent ambiguities, or where uncertain terms are used, or where the subject-matter is not sufficiently identified. No such condition exists here. The window to be furnished is accurately and minutely described in the contract. If the sample window accords with the contract no objection could be made by opposite counsel. If it did conflict and it appeared that the sample was exhibited or referred to before, or contemporaneously with the entering into of the contract, it Avould violate the well known rule against the introduction of oral evidence tending to vary, alter or contradict the terms of *7 a written instrument. In addition to this there is some doubt as to whether or not that which is pleaded is merely evidence.
Louis J. Dalle, Walter G. Taylor and Jas. B. O’Donnell, for the motion.
Herrlinger & Southworth, contra.
For this reason the motion to strike out this allegation should be granted.
The motion to strike out the interrogatories applicable to the same subject should be controlled by the same principle, but it must be disposed of on the ground that it is not the province of a motion to strike out interrogatories. The proper remedy is by demurrer under the statute. The motion to strike out the interrogatories is therefore overruled.