George ECONOMOPOULOS and Lydia Economopoulos, Plaintiffs-Respondents,

v.

Fred CURLS d/b/a Curls Realty Company, Defendant-Appellant.

No. 23905.

Kansas City Court of Appeals.

Missouri.

April 6, 1964.

Robert A. Sniezek, Selden M. Jones, Jr., Sniezek & Jones, Kansas City, for appellant.

Robert H. Kendrick, Paul E. Vardeman, Johnson, Lucas, Bush & Vardeman, Kansas City, for respondents.

BROADDUS, Presiding Judge.

This is an action based upon fraud and deceit. Plaintiffs recovered a verdict and judgment for $3250 actual damages, and for $3000 punitive damages. Defendant has appealed.

Inasmuch as defendant makes no contention that plaintiffs failed to make a submissible case there is no need to set forth the evidence in detail.

Defendant is a real estate broker. In the year 1957 plaintiffs were the owners of a tract of land in Kansas City, Missouri, known as 1223 Prospect. In August 1957, the plaintiffs engaged the Allen Pfost Realty Company to sell the real estate in question. The Pfost Company was unable to find a purchaser, whereupon plaintiffs employed defendant to find a buyer. Defendant was to be paid a commission of 5% of the gross sales price.

On August 22, 1957, defendant informed plaintiffs that he had a purchaser for their property who was willing to pay the sum of $7000 therefor. The truth is he had a pur-

chaser who was willing to pay the sum of $9900, which fact was not disclosed to plaintiffs.

Plaintiffs' petition prayed for actual damages in the sum of $3250, being the difference between the price for which the property was actually sold ($9900), and that represented to plaintiffs as being the selling price ($7000), plus the real estate commission of $350 paid by plaintiffs to defendant. Plaintiffs also sought punitive damages.

Defendant's present attorneys did not participate in the trial of the case below.

Defendant's first contention is that the court erred "in giving plaintiffs' Instructions Nos. 1, 2, 3 and 4 because (A) The Instructions contained erroneous statements of the law, prejudicial abstract statements of the law, and failed to require the jury to make findings of all the essential fact issues necessary to establish plaintiffs' right to a judgment."

The contention is so general that it is extremely doubtful that it preserves and presents anything for our review. Anderson v. Welty, Mo.App., 334 S.W.2d 132, 139; Weekly v. Wallace, Mo.App., 314 S.W.2d 256, 258.

However that may be, defendant in his argument does stress his contention that the first paragraph of Instruction No. 1 is a prejudicial abstract statement of the law. It reads as follows:

"The Court instructs the jury that an agent is held to the most perfect faith in his dealings with his principal, and if he acts adversely to his employer in any part of the transaction and omits to disclose any interest which would naturally influence his conduct in dealing with the subject of the employment it amounts to fraud on the part of the agent."

This identical instruction was before our Supreme Court in the case of Leimkuehler v. Wessendorf, 323 Mo. 64, 18 S.W.2d 445, 453, 454, where it was held not to be reversible error to give it.

Instruction No. 2 related to the measure of plaintiffs' actual damages. It authorized a finding for plaintiffs in an amount, not to exceed the sum of $3250. It was fully supported by the evidence and, in our opinion, free from error.

Instruction No. 3 advised the jury that in the event they found the issues in favor of plaintiffs and against defendant under Instruction No. 1, and if they further found from the evidence that the defendant acted wilfully, maliciously and intentionally to deceive the plaintiffs, if so, then, in addition to other damages, if any, allowed plaintiffs under Instruction No. 2, they could assess in favor of plaintiffs such further sum as exemplary or punitive damages as they believed ought to be assessed against defendant by way of punishment for the act complained of * * *. The Instruction is in a form often approved. And certainly, under the evidence, the trial court committed no error in giving it.

Instruction No. 4, in effect, told the jury that although they found that plaintiffs initially employed the Allen Pfost Realty Company as their agent to sell the property, that if they further found from the evidence that the Pfost Realty Company referred plaintiffs to defendant, and that thereafter defendant undertook to act as plaintiffs' agent for the sale of their property, and that plaintiffs consented thereto, that defendant then became the agent of the plaintiffs for the purpose of selling their property, and it was no defense to the action that plaintiffs' original agency contract was with the Allen Pfost Realty Company. Defendant asserts that the instruction refers to "irrelevant and immaterial findings" and "could only be a cause of confusion by the jury." We fail to find any real merit in the defendant's contention.

Under sub-division "B" of Point 1, defendant contends that: "The instructions submitting plaintiffs' case were not in accord with the theory of their petition." No specific objections to the instructions

~were made at the trial before submission to ~the jury, and the motion for new trial ~makes no mention of the complaint defend-.ant now asserts. Under Civil Rules 70.02 and 79.03, V.A.M.R. the contention is not preserved for appellant review.

■ Defendant's remaining point is that the court erred in refusing to give his offered Instruction B. The motion for new trial makes no reference to this instruction. Thus the point is not properly before ~us.

Finding no error in the transcript prejudicial to defendant, the judgment is affirmed.

All concur, including DEW, Special Commissioner.